GOSS v. C. S. GOSS & CO. et al.

(Supreme Court, Appellate Division, First Department.   June 5, 1908.)

TRIAL—EQUITABLE DEFENSES—TRIAL OF SEPARATE ISSUES.

Where defendant in an action at law sets up an equitable cause of action as a counterclaim, the proper practice is to move for an order directing separate trials of the separate issues and the order of trial thereof, and, where defendant would be entitled to affirmative judgment on establishing such counterclaim, such order should provide that the equitable issue be tried first and the other issue stayed until the determination of the equitable issue; there being no authority for serving two notices of trial, one on the equity side and one on the common-law side of the court in one action.

Appeal from Special Term.

Action by Clayton S. Goss against C. S. Goss & Co. and Clair Foster. From an order denying his motion to strike certain issues from the Special Term calendar, defendant Foster appeals. Reversed and motion granted, with specified leave to plaintiff.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Escher & Fox (Henry S. Escher, Jr., of counsel), for appellant.

O'Brien, Boardman & Platt (Henry W. Clark and Frank H. Platt, on the brief), for respondent.

CLARKE, J. This action was brought to recover on two promissory notes made by the defendant Goss & Co. to the defendant Foster, indorsed by him and delivered to the plaintiff. The defendant Foster in his answer sets up as a separate defense and by way of counterclaim an equitable cause of action which, if established, would not only constitute a defense to the notes sued on, but would entitle the defendant to an affirmative judgment appropriate only in an action in equity.

The plaintiff served a notice of trial for the issues set up in the complaint and in the first separate defense and counterclaim for the Trial Term, and likewise a notice of trial of the issues set up in the second separate defense and counterclaim, and the reply thereto, for the Special Term. The defendant cross-noticed all the issues for the Trial Term, and returned the notice for trial at the Special Term. Thereafter the plaintiff put the issues raised by the second separate defense and counterclaim and the reply thereto on the Special Term calendar for trial without obtaining any order therefor. The defendant moved to strike said issue from said Special Term calendar, and, the motion having been denied, appeals.

The Code of Civil Procedure does not seem to contain any provisions which precisely apply to the facts disclosed upon this record. We find no statute providing for the service of two notices of trial, one on the equity and the other on the common-law side of the court in one action. It is quite evident that, if the defendant succeeds on his equitable counterclaim, there is an end to the plaintiff's cause of action, and it is also quite evident that the Trial Term is no place in which to try such equitable counterclaim, because the method of procedure, the decision upon which a judgment could be entered, is one to be made by the court, and, if the issues were tried together, there would be the anomaly presented of a verdict by a jury on one branch, and a decision by the court upon the other, and a judgment to be entered thereon for which we can find no authority. We are of the opinion, therefore, that the proper practice in such case is to move for an order directing separate trials in the appropriate forum of the separate issues and the order of trial thereof. In the case before us such an order should provide that the equitable issue be first tried and the trial of the other issue should be stayed until the determination of said equitable issue.

It follows, therefore, that the order appealed from should be reversed and the motion to strike the cause from the Special Term calendar granted, with leave to the plaintiff to apply for an order directing the separate trials of the issues, and the order thereof, without costs to either party upon this appeal. All concur.