COHEN v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 415*)—ACCOUNTING BY ASSIGNEE —ACTION ON BOND—DEFENSES.

In an action on an assignee's bond to recover the amount found due from the assignee on an accounting in the federal court in a bankruptcy proceeding against the assignor, the fact that the assignee's surety was not bound by the federal court's decision, because it did not properly acquire jurisdiction over such surety in the bankruptcy proceedings, constituted a complete defense as to it.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Dec. Dig. § 415.*]

2. TRIAL (§ 4*)—ORDER OF TRIAL OF SEPARATE ISSUES—EQUITABLE AND LEGAL ISSUES—FILING NOTE OF ISSUE.

If a legitimate equitable counterclaim is pleaded, on the determination of which depends the prosecution of the main action, then, though an improper note of issue is filed for a Special Term, the equitable issues may be first tried there, on a seasonable motion being made, and the legal issues stayed until after the equitable issues had been decided.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 10; Dec. Dig. § 4.*]

3. TRIAL (§ 4*)—ORDER OF TRIAL OF SEPARATE ISSUES—EQUITABLE COUNTER-CLAIM.

In an action against an assignee's surety to recover the amount found due from such assignee in bankruptcy proceedings against the assignor, a claim that the surety was not bound by the federal court's decision in the bankruptcy proceedings, because such court had not properly acquired jurisdiction over the surety in those proceedings, constituted a defense at law, and not an equitable counterclaim; and hence the surety was not entitled to have such issue determined at Special Term prior to the trial of the legal issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 10; Dec. Dig. § 4.*]

Ingraham and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by J. Quintus Cohen, as trustee of the estate of John T. Lee, a bankrupt, against the American Surety Company of New York. From an order directing alleged equitable issues raised by the counterclaims in defendant's answer and the reply thereto to be tried at Special Term, and staying the trial of common-law issues until such trial, plaintiff appeals. Reversed, and motion denied.

See, also, 123 App. Div. 519, 108 N. Y. Supp. 385, and 192 N. Y. 227, 84 N. E. 947.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Michel Kirtland, for appellant.

Henry C. Wilcox (Charles M. Demond, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. The action was brought by the trustee in bankruptcy of John T. Lee against the surety company upon a bond given by one Buckmaster, as assignee of said Lee under a general assignment, for the benefit of creditors, as principal, and the company, as surety, whereby they bound themselves jointly and severally in the penal sum of $7,000, with a condition that if said Buckmaster should faithfully execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee, then the obligation to be void; else to remain in full force and virtue. The complaint alleged that after giving the said bond proceedings in bankruptcy were instituted and proceeded to an adjudication, and that plaintiff was appointed trustee in bankruptcy; that Buckmaster prayed that his account as assignee be taken by the United States District Court; that therein a final order was made requiring and directing said Buckmaster to transfer and to pay to the trustee the sum of $3,502.97, the amount found due from him to this plaintiff on account of these proceedings. The complaint further alleged that plaintiff obtained judgment against Buckmaster in the United States Circuit Court in New Jersey on the said decree for $4,366.64. Wherefore it demanded judgment against the said defendant for the sum of $4,366.64.

Defendant demurred to the complaint, and, the demurrer having been sustained, appealed to this court. The demurrer was upon the ground that plaintiff did not have the legal capacity to sue, and, secondly, upon the ground that the complaint did not state facts sufficient to constitute a cause of action; the claim being that until Buckmaster was called to account in the state court no obligation accrued against the defendant as surety upon its bond. This court reversed the judgment, giving leave to answer over, in 123 App. Div. 519, 108 N. Y. Supp. 385, and allowed an appeal to the Court of Appeals, where the judgment of this court was affirmed unanimously. 192 N. Y. 227, 84 N. E. 947. Thereafter the defendant served an answer. It denied in its first affirmative defense that it had notice or knowledge of all or any of the proceedings referred to in paragraph 7 of the complaint, which paragraph alleged the accounting of Buckmaster in the United States District Court. It alleged the making of the assignment to Buckmaster, the filing of the schedules, the fixing of the amount of the bond, the giving of the bond, and then alleged that thereafter the said Buckmaster, as assignee, received and took possession of certain property of Lee, which did not exceed in value the sum of $1,337.02, and during the administration of his trust expended moneys in excess of this amount, leaving a balance in his favor; that in making its bond it relied upon the statutes of the state of New York and that it should not be liable by any accounting of said Buckmaster, unless after petition for an accounting by said assignee in some court having jurisdiction, or unless after proceedings were taken in some court having jurisdiction to compel such account, said court should make its order for the issuance of a citation to all persons interested in said assignment, including this defendant; that no court having jurisdiction of said accounting had any power or authority to appoint a referee to take and state such account until this defendant had been duly cited to

appear in court; that under said statutes it had an absolute right to its day in court, upon due notice, to be heard in opposition to said accounting. It then alleged certain rules of practice of the Supreme Court of this state in regard to assignments; that subsequent to the making of said bond Lee was adjudicated a bankrupt, and plaintiff appointed trustee; that during the time of said bankruptcy proceedings there were in force certain statutes and laws of the United States regulating practice and proceedings; that by the general rules and orders in bankruptcy it was provided that all process, summons, and subpœnas should issue out of the court under the seal thereof and be tested by the clerk, and blanks with the signature of the clerk and seal of the court may, upon application, be furnished to the referees; that upon the making of the adjudication in bankruptcy and the appointment and qualification of the plaintiff as trustee the duty was devolved upon the plaintiff herein, or some party in interest in said assignment, upon the filing of any petition for an account by the said Buckmaster in said District Court, and in order to bind this defendant as surety upon any accounting proceedings to be had thereupon to conduct said accounting proceedings in said District Court so as to conform them as near as might be to the practice, forms, and modes of procedure of the Supreme Court, and particularly to require this defendant to appear in the District Court in open court at a term thereof by a service of a citation or writ tested by the judge, signed by the clerk, and under the seal of the court, or to require the appearance of this defendant in said proceedings by such similar process or by some order to show cause why a settlement of said proceeding be had, and, if no cause be shown, to attend the settlement of such account, and that this defendant, upon the filing of any account or upon any accounting proceeding was entitled to at least eight days' notice of such hearing in open court, and that furthermore said District Court had no jurisdiction or power to appoint a referee to pass upon the accounts of said Buckmaster until this defendant had an opportunity, upon notice in open court, to protest said accounting prior to any order or hearing thereon or reference thereof; that said Buckmaster filed his petition for an accounting without notice to or knowledge of this defendant, the filing of said petition being a voluntary act of said Buckmaster; that said Buckmaster, by so filing the petition and account voluntarily, in no way bound this defendant to acquiesce in the jurisdiction of said bankruptcy court to take said account, and this defendant was in no way bound in said proceedings, of which this defendant had no knowledge; that thereafter, and without notice to or knowledge of this defendant, an order of reference was made to take and state the account of the assignee; that prior to the making of said order this defendant had no notice thereof, and that this order, as far as defendant is concerned, was without jurisdiction and void; that subsequently the referee, on or about June 9, 1902, under his own hand, but not under the seal of the court, tested by the judge and signed by the clerk, issued his subpœna and notice to this defendant, whereby he directed and summoned this defendant and others to appear before him on the 13th day of June, 1902, to attend a hearing before him upon the taking and

stating the account of said Buckmaster; that said notice or subpœna
was served upon this defendant on June 9th, thus giving this de-
fendant but four days' notice of said hearing, contrary to the statute
above set forth; that upon receipt of said notice this defendant, in-
sisting that the referee in the District Court had no jurisdiction over
this defendant, declined to participate in said accounting proceeding,
and did not appear before said referee on said June 13, 1902, or at any
time subsequent, and has and had no knowledge of any such proceed-
ing or of the orders made therein; that in view of the premises that
said District Court and said referee acquired no jurisdiction over this
defendant; that the order of January 24, 1903, in said accounting, di-
recting payment by said assignee of $3,502.97, was without jurisdic-
tion, and that all proceedings taken by the plaintiff in the United States
District Court of New Jersey were likewise void and of no effect, as
binding upon this defendant; that this defendant had no notice of said
suit and did not appear to participate therein.

The answer then attacked the accounting, alleging that Buckmaster
was improperly charged with the amount of a check for $2,500.  It al-
leged that said proceedings on said accounting and the order of the
United States District Court and the judgment of the United States
Circuit Court were and are, so far as defendant is concerned, without
jurisdiction and void, and demanded the dismissal of the complaint.
Defendant then for a second affirmative defense, and by way of coun-
terclaim, repeated all the allegations of the first defense, alleged that
the plaintiff, in view of the premises, should be enjoined and restrain-
ed from prosecuting this action, or from prosecuting any action or tak-
ing any steps against this defendant in this or any court based upon
said void order and said void judgment of the District and Circuit
Courts of the United States.  For a third affirmative defense defendant
alleged that under the Constitution of the United States the District
Court had no power by compulsory process to bring in George Buck-
master as assignee, or this defendant as his surety, by citation or oth-
erwise, for the purpose of an accounting by the said Buckmaster, and
said court had no general jurisdiction.  For a fourth affirmative de-
fense, and by way of counterclaim, repeating the allegations of the
third affirmative defense, defendant alleged that the plaintiff, in view
of the premises, should be enjoined and restrained from prosecuting
this action, or any action, against this defendant in this or any other
court, based upon the said order of the District Court of the United
States and the said judgment of the Circuit Court of the United States.
Wherefore it demanded that the complaint be dismissed, and that
the plaintiff be perpetually enjoined.  The plaintiff served a reply.

The defendant served notice of trial of the equitable issues of facts
arising upon the plaintiff's reply to the defendant's counterclaim for
the October term, filed note of issue, and the case is on the Special
Term calendar.  The plaintiff served notice of trial for the October
term and filed note of issue, and the case is on the Trial Term calen-
dar.  On October 2, 1908, plaintiff served notice of motion at Trial
Term, Part 2, for an order placing the cause on the short-cause
calendar, and at the same time served an affidavit and notice of mo-

tion at Special Term to strike the cause from the Special Term calendar on the ground that it was improperly on the said calendar. The defendant thereupon procured an order to show cause, returnable at the same time plaintiff's motion was to be argued, to show cause why an order should not be made directing that the equitable issues be first tried at Special Term and meantime staying trial at Trial Term. The two motions at Special Term were argued at the same time, and resulted in a decision denying plaintiff's motion to strike the case from the Special Term calendar, directing that the equitable issues be first tried, and granting defendant's motion to stay the trial at the Trial Term. The motion at the Trial Term to put the case on the short cause calendar was granted; but, when it appeared on the day calendar for trial, the decision of the Special Term had been rendered, and on the calendar call the case was marked "Stayed." The plaintiff appeals.

It will be noticed that the sole equitable relief demanded in the answer is that the plaintiff be enjoined from prosecuting this action. The ground for that demand is that so far as defendant is concerned it is not bound by the decision in the United States court, because said court did not properly acquire jurisdiction over it in such proceedings. This, if true, is a complete defense, and has been pleaded as a defense. What defendant claims is that, because it had an available defense to an action at law, it was entitled to go into equity by way of a counterclaim in its answer in the action at law, demanding an injunction against the further prosecution of the action. This would seem to be a novel proceeding. If a legitimate, equitable counterclaim, upon the determination of which would depend the prosecution of the main action, were pleaded, then, notwithstanding the fact that an improper note of issue had been filed for the Special Term, as the motion was promptly made for a prior trial of the equitable issues in accordance with the rule laid down by us in Goss v. Goss & Co., 126 App. Div. 748, 111 N. Y. Supp. 115, there would be no difficulty in affirming these orders; but it seems to me to approve of this procedure would lead to infinite mischief.

Calling a defense an equitable counterclaim does not make it one, nor is the court compelled to shut its eyes to the real facts because of a form of words. Walker v. American Central Insurance Co., 143 N. Y. 167, 38 N. E. 106, was an action on an insurance policy. The answer admitted the destruction by fire of the property insured and the issuance of the policy, but denied that the proofs of loss had been founded in accordance with the terms of the policy. It set up as a counterclaim that the policy had been issued by mistake and asked that the complaint be dismissed. A further affirmative judgment was demanded that the policy be reformed. No reply was served. Upon the trial the court held that the matter set up as a counterclaim did not constitute one, and no reply was necessary. On appeal from the judgment on a verdict in plaintiff's favor the court said:

"What is pleaded in the defendant's answer as a counterclaim, and asserted to have become conclusive because no reply was served, is, in our judgment, simply and only a defense. Facts pleaded which controvert the plaintiff's claim and serve merely to defeat it as a cause of action are inconsistent with the legal idea of a counterclaim, which is a separate and distinct cause of

action, balancing in whole or in part that proved by the plaintiff. Prouty v. Eaton, 41 Barb. 409. It meets the latter, not only by a denial of it, or an attack upon its existence, but by opposing to it an equal or overbalancing demand on the part of the defendant. In this case what is averred to be an equitable counterclaim is in its legal effect an allegation that plaintiff's cause of action never in fact existed. * * * In brief, the answer denied the making of the contract alleged or any liability upon it. Of course, if true, that was a complete defense, and nothing but a defense, and could not be turned into an equitable counterclaim by asking a reformation of the writing. Any such relief was needless and of no possible consequence. * * * The defense, therefore, was not a counterclaim, and no reply was needed; but the objection to the plea in the aspect asserted could be taken at the trial. It was so taken, and the court ruled in accordance with the contention."

In Pond v. Harwood, 139 N. Y. 111, 34 N. E. 768, the court said:

"A subsequent action cannot be maintained to restrain the prosecution of another action in the same court, unless it clearly appears that full and complete justice cannot be obtained in the earlier action [citing cases]. As was said by Commissioner Reynolds in Savage v. Allen, 54 N. Y. 458: 'The proposition that a separate action may, under our present system, be maintained to restrain by injunction the proceeding in another suit in the same or another court, between the same parties, where the relief sought in the later suit may be obtained by a proper defense to the former one, has long since been exploded, or, if not, should be without delay.'"

In the Walker Case, supra, the court said of a counterclaim:

"To be such it must amount to an independent cause of action, which the defendant company, if it had not been sued, might have enforced as plaintiff. Assume, therefore, that this suit had not been brought, but that the company had sued in equity upon the pleaded facts to reform the policy. There would have been no equitable cause of action, because the remedy at law would be adequate, and no necessity or ground for equitable interference would be disclosed."

Applying this language to the foregoing quotation from the Pond Case, supra, it seems apparent in the case at bar that as the facts set up in the answer, if the defense alleged is good, constitute a complete defense at law, it would not furnish ground for an independent suit in equity, and so would not constitute an equitable counterclaim; and as a suit may not lie to enjoin the prosecution of another action, where the grounds thereof would constitute a complete defense, in no way can the alleged counterclaim be considered as raising a separate equitable issue, which must first be tried and disposed of.

In Bennett v. Edison Electric Light Co., 164 N. Y. 131, 58 N. E. 7, an answer alleged that the contract sued on was procured through false representations, and demanded a reformation of the contract. Basing its demand on section 974 of the Code of Civil Procedure, defendant moved that the equitable issue be first tried by the court. The motion was denied. The Court of Appeals said:

"We do not at this time deem it necessary to determine whether the matter alleged in the answer constitutes an equitable counterclaim; for, assuming it to be a counterclaim, the matter alleged also constitutes a defense, and relieves the defendant as fully as the allowance of the counterclaim. * * * The provisions of the Code referred to, we think, have no application to an issue of this character, but were intended to provide for the mode of trial of an issue arising upon a counterclaim, in which the facts alleged do not constitute a defense and are not available as such."

We think, in the case at bar, that, as the facts pleaded in the alleged equitable counterclaim are the same facts already pleaded in defense, the order directing a trial at Special Term was unwarranted.

It follows that the order appealed from should be reversed, and the motion denied, with $10 costs and disbursements.

PATTERSON, P. J., and LAUGHLIN, J., concur.

INGRAHAM, J. (dissenting). This action was brought to recover upon a bond given by George Buckmaster, as assignee of the bankrupt for the benefit of creditors, as principal, and by the defendant, as surety. The complaint alleges the execution of the bond, conditioned that if the said Buckmaster should faithfully execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee, then the obligation to be void; that on an accounting in the United States District Court a final order or judgment was made requiring Buckmaster to pay $3,502.97, the amount due by him to the plaintiff; and that subsequently in an action in the United States Circuit Court a judgment was entered in favor of plaintiff against Buckmaster for that amount and interest.

The defendant interposed an answer which, after admitting certain allegations of the complaint and denying others, set up a first affirmative defense, and also what is called "for a second affirmative defense and by way of counterclaim," in which it repeats the allegations set up as the first affirmative defense, alleges that in view of the premises the plaintiff should be enjoined and restrained from prosecuting this action, or from prosecuting any action or taking any steps against this defendant in this or any other court, based upon this order of the District Court of the United States, or upon this judgment of the Circuit Court of the United States set forth in the complaint. There is also a third affirmative defense, and a fourth affirmative defense and counterclaim, which realleges all of the allegations of the third affirmative defense, and alleges that the plaintiff should be restrained from prosecuting this action, or any action based upon the said orders of the District Court and the judgment of the Circuit Court. The defendant then demands judgment that the complaint be dismissed and that the plaintiff be provisionally and perpetually enjoined and restrained from prosecuting this action, or from prosecuting any action, against this defendant, in this or any other court, based upon this order of the District Court and the judgment of the Circuit Court, and that the defendant have such other and further relief.

The plaintiff replied to this counterclaim. Thus by the answer the cause of action set up in the complaint was at issue, and by the reply the cause of action set up as a counterclaim was at issue. The defendant having noticed the case for trial at Special Term, the plaintiff made a motion to strike the cause from the calendar. Whereupon the defendant made a motion that the issues presented upon the counterclaim and reply thereto should be first tried at Special Term before the cause of action arising upon the complaint and answer be tried at

Trial Term. The court granted this motion, and from that order the plaintiff appeals.

Section 974 of the Code of Civil Procedure provides:

"Where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact, arising thereupon, is the same, as if it arose in an action, brought by the defendant, against the plaintiff, for the cause of action stated in the counterclaim, and demanding the same judgment."

It is quite evident that the counterclaim interposed by the defendant is within this section. It alleges certain facts upon which it is claimed the defendant is entitled to an affirmative judgment enjoining the plaintiff from prosecuting this action, or from prosecuting any action against the defendant based upon an order of the United States District Court and the judgment of the United States Circuit Court. This being pleaded as a counterclaim, and affirmative relief being asked, such as can only be granted by a court of equity, it follows that the issue joined by the reply to that counterclaim must be tried at Special Term. The plaintiff did not see fit to demur to the counterclaim, as he might have done if the counterclaim was insufficient to justify affirmative judgment, but replied to it, and therefore left an issue as to whether or not the defendant was entitled to the relief asked, to be determined upon the trial. In determining how such an issue must be tried, the court should not examine into the merits of the controversy. The defendant has set up a counterclaim and demanded affirmative relief, and to that the plaintiff replied. The only way that the issue raised by this counterclaim and reply can be disposed of is by a trial by a court competent to try the question as if it had arisen upon an action brought by the defendant against the plaintiff for the relief demanded; nor does the fact that the defendant has set up the same facts upon which he bases his counterclaim destroy his right to have the issue presented by the counterclaim and reply thereto tried at Special Term. The Code is mandatory. It provides that the mode of trial of an issue arising upon a counterclaim is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim, demanding the same judgment. Therefore the court below was bound to accede to the defendant's demand that the cause of action upon which this counterclaim is based should be tried at Special Term. Where an equitable counterclaim is set up in an action at law, that equitable counterclaim is to be first disposed of, and then the action brought on for trial as an action at law. Colville v. Chubb (Sup.) 14 N. Y. Supp. 433, affirmed by General Term, 60 Hun, 578, 14 N. Y. Supp. 717; Goss v. Goss, 126 App. Div. 748, 111 N. Y. Supp. 115.

The laches of the moving party does not affect his right to have this counterclaim tried as an action in equity. The plaintiff, if he desired promptly to dispose of the action, could have made the motion; but as it appears that the equitable cause of action, set up as a counterclaim, could not have been tried before a jury, and as no judgment can be entered until that is disposed of, the question of laches is not material. I can see no escape from the conclusion, therefore, that this

equitable counterclaim must be disposed of by a trial at Special Term, that the court was correct in ordering it to be first tried, and the order must therefore be affirmed, with $10 costs and disbursements.

There was also argued with this appeal an appeal from an order denying the motion to strike this case from the Special Term calendar. It appeared that the defendant, without obtaining an order that the issue presented by the reply to the counterclaim be first tried, noticed the cause for trial at Special Term and placed the same upon the calendar, whereupon the plaintiff made a motion to strike the same from the calendar. This motion having been made, the defendant then moved for an order directing the issues presented by the counterclaim to be first tried. This order was granted, and we now affirm it. While it was probably irregular to place this case upon the Special Term calendar until an order had been obtained directing that the issues raised upon the counterclaim be tried at the Special Term, the court having granted such an order, the case was then properly upon the calendar, and the court then properly refused to strike it from the calendar. Both orders were entered at the same time, and there seems to be no reason for reversing this order.

It follows that the order denying the motion to strike the case from the Special Term calendar should be affirmed with $10 costs and disbursements,

SCOTT, J., concurs.

