BRODY, ADLER & KOCH CO. v. HOCHSTADTER et al.

(Supreme Court, Appellate Division, First Department. May 17, 1912.)

TRIAL (§ 3*)—SEPARATE TRIAL IN SAME CAUSE—EQUITABLE COUNTERCLAIM.

Under Code Civ. Proc. § 974, which provides that, where defendant counterclaims and demands an affirmative judgment against the plaintiff, the issue of fact thereupon is to be tried as if it arose in an action brought by defendant against the plaintiff on the same cause of action and demanding the same judgment, a vendor in a purchaser's action to recover purchase money, who counterclaims for specific performance, must try the issues on the counterclaim for equitable relief separately at Special Term, notwithstanding he denies the allegations of the complaint and sets up facts as a ground of separate defense sufficient, if proved, to defeat plaintiff's cause of action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

---

Appeal from Special Term, New York County.

Action by the Brody, Adler & Koch Company against Belle W. Hochstadter and another. From an order of the Special Term denying their motion for an order requiring the attorneys for the plaintiff to receive and accept a notice of trial for the Special Term served in behalf of the defendants, and for a separate trial of the issues arising on their counterclaim and the reply thereto prior to the trial of the other issues at Trial Term, and staying the trial of the other issues in the meantime, and ratifying and confirming service of the notice of trial and the filing of a note of issue by the defendants for the Special Term, defendants appeal. Order reversed and motion granted.

See, also, 135 N. Y. Supp. 549.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry M. Bellinger, Jr., of New York City, for appellants.
Lewis M. Isaacs, of New York City, for respondent.

LAUGHLIN, J. For the reasons assigned in the opinion filed herewith on the appeal from an order granting plaintiff's motion to strike the cause from the Special Term calendar, the court properly denied the motion, in so far as it was sought to require the attorneys for the defendants to receive and accept the notice of trial, and to have the action of the attorneys for the defendants, in serving the notice of trial and filing a note of issue for the Special Term, ratified and affirmed. We are of opinion, however, that the other relief demanded by the motion should have been granted.

It is argued in behalf of the respondent that the facts alleged upon which specific performance is demanded are also alleged as a separate defense, and that either under the denials of the allegations of the complaint, or by virtue of the separate defense, they are available, if proved, to defeat the plaintiff's cause of action, and that therefore the plaintiff is entitled to have the issues arising on the allegations of the complaint tried before a jury. This contention would doubtless prevail were it not for the fact that the issues arising on the counterclaim involve, not only the issues arising on the allegations of the complaint, but the right of the defendants to specific performance. In the event that the defendants succeed on their counterclaim, that would be an adjudication that the plaintiff is not entitled to recover, and, if the defendants should be defeated, that would establish the plaintiff's right to recover the amount paid to apply on the purchase price of the premises. The defendants having interposed a counterclaim for equitable relief, the trial of the issues arising thereon must be at Special Term, as if the defendants had brought an action against the plaintiff for the same relief as that demanded in the counterclaim (section 974, C. C. P.), and in such case, where the equitable counterclaim, if established, would extinguish the plaintiff's cause of action, the practice requiring the issues arising thereon to be first tried is sustained by authority. Goss v. Goss & Co., 126 App. Div. 748, 111 N. Y. Supp. 115. See, also, section 973 of the Code of Civil Procedure, and the dissenting opinion of Ingraham, P. J., in Cohen v.

American Surety Company, 129 App. Div. 166, 113 N. Y. Supp. 375. The respondent, for its contention in this regard, relies principally upon Bennett v. Edison Electric Il. Co., 164 N. Y. 131, 58 N. E. 7. In that action, the facts, upon which the defendant sought to have the contract, upon which the action was based, reformed, constituted a complete defense to the action, without reformation of the contract, and thus the defendant could be·afforded on the trial of the issues arising· on the allegations of the complaint relief from the contract as fully as if the counterclaim were established and allowed; but here, as has been seen, the defendants could not obtain, on the defense to the allegations of the complaint, the relief to which they are entitled, and for which they pray in their counterclaim.  The decision of this court in·Cohen v. American Surety Co., supra, also relied upon by counsel for the respondent, is distinguishable from the case at bar upon the same ground.

It follows, therefore, that the order should be reversed with $10 costs and disbursements, and motion granted, without costs, to the extent of requiring a separate trial of the issues arising on the counterclaim and reply thereto, and staying the trial of the other issues in the meantime.  All concur.