### BRODY, ADLER & KOCH CO. v. HOCHSTADTER et al.

(Supreme Court, Appellate Division, First Department. May 17, 1912.)

TRIAL (§ 3*)—SEPARATE TRIAL IN SAME CAUSE—EQUITABLE COUNTERCLAIM.

Where the vendor, in an action by the purchaser to recover part of the purchase money paid, denied failure to perform, alleged performance and counterclaimed for specific performance, and, after the cause was at issue, served notice of trial and filed note of issue for the Special Term, and placed the cause on the calendar, it was properly stricken therefrom, where defendant had not obtained an order for a separate trial of the issues arising on the counterclaim.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

Appeal from Special Term, New York County.

See, also, 135 N. Y. Supp. 550.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry M. Bellinger, Jr., of New York City, for appellants.
Lewis M. Isaacs, of New York City, for respondent.

LAUGHLIN, J. This is an action at law to recover the sum of $5,000, alleged to have been paid by the plaintiff to the defendants to apply on the purchase price of certain premises in the city and county of New York, pursuant to the provisions of a contract in writing, made between the parties on the 18th day of December, 1911, as modified by an agreement in writing made by the parties on the 22d day of the same month, by which the defendants agreed, for the consideration therein specified, to convey the premises to the plaintiff by a full covenant warranty deed, free from incumbrances, excepting a certain mortgage and a certain lease. The plaintiff alleges performance and a tender of performance on its part, and inability and failure to perform, on the part of the defendants, and demands judgment for the down payment, with interest thereon. The defendants put in issue the allegations charging them with failure to perform, and for a separate defense allege performance and a tender of performance on their part, and interpose a counterclaim for specific performance.

After the cause was at issue, a notice of trial for the Special Term was served in behalf of the defendants, and it was returned by the

attorneys for the plaintiff. A note of issue for the Special Term was also filed in behalf of the defendants, and the cause was placed on the Special Term calendar. The plaintiff thereupon moved to strike the cause from the calendar upon the ground that the issues were improperly placed upon that calendar. The defendants made no motion to have the issues arising on the counterclaim first tried and at Special Term. Their practice in placing the cause on the Special Term calendar was therefore unauthorized. Goss v. Goss & Co., 126 App. Div. 748, 111 N. Y. Supp. 115; Wasserman v. Taubin, 129 App. Div. 691, 114 N. Y. Supp. 447. The appellants rely upon a dictum in the majority opinion of this court in Cohen v. American Surety Co., 129 App. Div. 166, 113 N. Y. Supp. 375, in support of their contention that the cause should have been allowed to remain on the Special Term calendar. On that appeal, the court was reviewing an order denying a motion to strike the cause from the Special Term calendar, and it reversed the order and granted the motion upon the ground that there was no equitable counterclaim pleaded, and therefore no issue to be tried at Special Term; and in so deciding it is stated in the opinion that, if a proper equitable counterclaim had been pleaded, there would have been no difficulty in affirming the order, since the defendant promptly moved at Special Term for an order for a separate trial of the equitable issues prior to the trial of the issues arising on the allegations of the complaint and the motion had been granted. In the case at bar the court at Special Term did not see fit to allow the cause to remain upon the Special Term calendar, and since when the motion was made the defendants were not entitled to have the cause upon the Special Term calendar, for the reason that they had not obtained an order for a separate trial of the issues arising on their counterclaim, there would be no propriety in this court reversing the order of the Special Term, and thus lending its sanction to an irregular and unauthorized practice.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.