### LOEWENTHAL v. HAINES.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

1. TRIAL (§ 4*)—TRIAL OF SEPARATE ISSUES—EQUITABLE DEFENSE—SET-OFF AND COUNTERCLAIM.

In an action to enforce a covenant contained in a mortgage to pay a certain sum, in which defendant set up a counterclaim that the clause in the mortgage by which she agreed to pay the sum sued for was inserted therein by mutual mistake, or by plaintiff's fraud, the fact that defendant noticed the case for trial at Trial Term instead of Special Term was not an abandonment of the counterclaim.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 8–10; Dec. Dig. § 4.*]

2. TRIAL (§ 4*)—RIGHT TO SEPARATE TRIAL OF ISSUES—WAIVER.

Where, in an action on a covenant contained in a mortgage to pay a certain sum, the answer alleged as a separate defense and counterclaim that the clause in the mortgage by which defendant agreed to pay such sum was inserted therein by mutual mistake or plaintiff's fraud, plaintiff, by noticing the case at the Trial Term and going to trial, waived any right to have the defense tried at Special Term.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 8–10; Dec. Dig. § 4.*]

Laughlin and McLaughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Julius Loewenthal against Frances Way Haines. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 146 App. Div. 941, 942, 131 N. Y. Supp. 1126.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Walter Loewenthal, of New York City, for appellant.
A. S. Gilbert, of New York City, for respondent.

SCOTT, J. The action is upon a mortgage containing a covenant to pay the sum of $10,000. This mortgage was given as collateral to another mortgage which has been foreclosed, and the present action is not for foreclosure, but to enforce defendant's liability upon her covenant to pay. Two defenses are pleaded: First, that the consideration for the instrument sued on was an usurious agreement for the forbearance of a debt, to wit, an agreement to extend a mortgage; and, second, what is described in the answer as "a separate defense and counterclaim," in which defendant alleges that the clause by which she undertook to pay $10,000 was inserted in the instrument either by mutual mistake of all parties, or by fraudulent purpose and intent on the part of plaintiff and his agents and representatives.

It is unnecessary to review the fact further than to say that the evidence fully justified a finding in defendant's favor on both defenses. While the evidence of defendant's husband, who acted as her agent, was in some minor matters confused and perhaps self-contradictory, it was evident that such confusion resulted from lack of memory, and not from any intention to deceive, and on all vital points his evidence was sufficiently clear. On the other hand, the evidence given by plaintiff and his attorney who acted in the transaction in his behalf was of such a character that the jury were fully justified in rejecting it altogether.

The appellant's chief reliance on this appeal is upon what he deems to have been a fatal irregularity in trying the cause at Trial Term, instead of Special Term. Both sides noticed the cause for trial at the Trial Term. When it came on for trial plaintiff moved to dismiss the defense founded upon usury upon the ground that that defense is personal to the borrower, and cannot be availed of by a surety. He also moved to dismiss the second defense upon the ground that, as a counterclaim, it could not be tried at a Trial Term, and that by failing to separately notice it for trial at Special Term the defendant had abandoned it, and that as a defense it was insufficient. All of these motions were denied, and exception taken. The trial then proceeded, and evidence was received tending to establish both defenses without any objection from plaintiff based upon the supposed irregularity involved in trying the issues at Trial Term.

[1] But there is no merit in the contention even if it had been properly presented. The case is in all respects similar to Bennett v. Edison Electric Ill. Co., 164 N. Y. 131, 58 N. E. 7, in which, as in this, an equitable plea was interposed as a "defense and counterclaim." The claim was, as in this case, that the contract sued upon was not the contract upon which the minds of the parties met, and consequently that the contract as written was not defendant's contract. In that case it was charged that the defendant had been induced by fraud to sign a paper which did not express the true contract, while in this

case the error is charged to a mutual mistake, but the result is the same, and both pleas present a defense available only upon equitable principles. The Court of Appeals pointed out that the facts pleaded constituted a good defense, which was open and available to the defendant in any action at law brought upon a contract. Referring to section 974 of the Code of Civil Procedure, the court said:

"The provisions of the Code referred to, we think, have no application to an issue of this character, but were intended to provide for the mode of trial of an issue arising upon a counterclaim in which the facts alleged do not constitute a defense, and are not available as such."

City of New York v. Matthews, 156 App. Div. 490, 141 N. Y. Supp. 432, upon which appellant relies, was a case in which it was essential to defendant's plea that the court should grant affirmative relief by way of reforming the contract sued upon. It was not contended that the contract as signed was not precisely what the parties had agreed upon and intended to execute, but it was claimed that they so agreed and intended in ignorance of certain facts, which, if known to them when the contract was executed, would have led to a different agreement. The case was, in the end, decided upon another ground.

[2] Furthermore, in the present case the plaintiff, by noticing the cause at Trial Term and actually going to trial there waived any right to have the separate defense tried at Special Term. This would be enough to constitute a waiver even of the constitutional right to a trial by jury. Much more clearly is it a waiver of what at best would have been an irregularity.

Judgment affirmed, with costs.

INGRAHAM, P. J., and CLARKE, J., concur.

LAUGHLIN, J. (dissenting). This is an action to recover the sum of $10,000, and it is based on an agreement contained in a mortgage on real estate made by the defendant on the 24th day of September, 1909. The indenture recites that one Franklin Haines and the Haines Realty Corporation were indebted to the plaintiff in the sum of $25,000, as specified in an extension agreement bearing even date therewith, and that the consideration for defendant's agreement was the making of the extension agreement. It contains the proviso that if either of said debtors should pay the indebtedness as provided in the extension agreement and in a bond and mortgage therein mentioned, then the mortgage and agreement executed by the defendant should be void, and that in no event should the defendant, or the property covered by the mortgage, be liable for more than $10,000 and interest on account of the said indebtedness. These provisions were followed by a clearly expressed agreement on the part of the defendant to pay said indebtedness to the extent of $10,000; and it was provided that in default thereof the plaintiff, who was the party of the second part to the indenture, was to be at liberty to sell the premises according to law.

The plaintiff alleges the failure of the primary debtors to pay the indebtedness and the foreclosure of the mortgage, to which the extension agreement related, and the sale of the premises and the entry of a deficiency judgment in that action against said debtors for the sum

of $26,727.88, and that no part thereof excepting the sum of $1,724.11, has been paid. Judgment was demanded against the defendant for the sum of $10,000, together with interest thereon and costs. By the answer of the defendant, the allegations of the complaint stand admitted. The defendant pleaded as a first defense that the instrument on which the action is based is void for usury exacted for the making of the extension agreement. The defendant pleaded as an equitable defense and counterclaim that when the bond and mortgage on which the deficiency judgment was entered became due an agreement was made by the plaintiff, who then held and owned the same, for the extension thereof upon the guaranty of one Corn, who agreed to guarantee it, on being indemnified and held harmless to the extent of $10,000 by said Haines Realty Corporation, which indemnity was to be secured by a mortgage to be executed by the defendant; that the defendant did execute the mortgage upon which this action is based for the purpose of indemnifying Corn to the extent of $10,000; that the instrument upon which the action is based "in no manner, shape, or form imposed any personal obligation upon this defendant"; and that there was no demand or request or agreement or understanding that the defendant should personally guarantee the mortgage or obligate herself to pay any part thereof; that "the only paper or instrument which the parties understood and agreed should be executed and delivered was a mortgage which should bind the property of this defendant to the extent of $10,000"; that pursuant to this arrangement, the attorneys for the plaintiff prepared the instrument on which the action is based, and that it was assumed by all parties that it was the usual form of mortgage "with apt language necessary under the circumstances, making it collateral to the original debt, but in no way binding or obligating this defendant personally, but imposing a lien upon her property to the extent of $10,000 as additional security to the original debt"; but that, either by a mutual mistake of all parties, or by fraudulent purpose or intent on the part of the plaintiff and his agents and representatives, the instrument prepared contained the covenant obligating defendant to pay the indebtedness, as already stated; that at the time the defendant executed and delivered said mortgage she did not know or understand that "the language thus used was intended to, in any way, obligate her personally, but assumed that it was general language necessarily used in a mortgage form in order to properly bind the property"; and that she had no knowledge that the plaintiff claimed any personal liability on her part, by reason thereof, until the commencement of this action. The defendant prays judgment reforming the mortgage by striking out the provision imposing a personal liability upon her, and for the dismissal of the complaint.

No application was made by either side to have the equitable counterclaim for the reformation of the mortgage first tried at Special Term. The action was brought to trial and tried before the court and a jury. At the opening of the trial, counsel for plaintiff moved for judgment on the pleadings on the ground that, inasmuch as the Haines Realty Corporation, which was the borrower, could not plead usury—a point expressly conceded on the trial—the defendant could not plead it, and

also moved for a dismissal of the equitable counterclaim on the ground that the defendant, in noticing the cause for trial at jury term, without moving for a separate trial of her counterclaim, waived the same, and, further, that the facts pleaded were insufficient in law to entitle the defendant to the relief for which she prayed. These motions were denied, and an exception was duly taken in behalf of the plaintiff. At the close of the evidence, counsel for the plaintiff moved for a dismissal of the defense of usury on the ground that the evidence was insufficient, and of the equitable defense on the ground that no mutual mistake had been shown. The motions were denied, and exceptions were duly taken, and the case was submitted to the jury on both defenses. The trial court submitted no question with respect to fraud in preparing, or inducing the execution of, the mortgage, to the jury. The only point submitted to the jury under the equitable defense was as to whether the clause imposing the personal liability on the defendant was inserted through *mutual mistake*. The court drew the attention of the jury to the testimony tending to show that the defendant was represented by her husband, who testified that at the suggestion of the plaintiff he applied to the latter's attorneys to have the mortgage drawn; that it was agreed between him and the plaintiff that the paper was "to be no more than a mortgage upon the Yonkers property, with no clause" making the defendant liable for any part of the mortgage debt, and that he informed the attorney who drew the mortgage that it was to be in the same form as one previously given to Corn on an earlier extension of the "main mortgage," which mortgage did not contain a clause imposing personal liability upon the defendant, and that the attorney assented thereto, and that defendant subsequently received the mortgage from the attorney and had his wife execute it without noticing the clause imposing personal liability. The court also drew to the attention of the jury the fact that this evidence was controverted by evidence offered on the part of the plaintiff tending to show that there was no mistake on the part of the plaintiff, or his attorney, as to what the mortgage was to contain, or did contain, and that it was delivered to the defendant's husband to be examined by him and by her before execution. The court charged the jury that a mistake by the defendant alone would be of no avail, and that it was incumbent on her to show that this clause was inserted in the mortgage by mutual mistake of both parties, so that the mortgage in this regard expresses an obligation which neither party intended, and that that would be—

"a reason why the written agreement should not be enforced so far as matter was included in it by their mutual mistake."

With respect to mistake on the part of the defendant her answer indicates that she observed the clause in question, but mistook the legal effect thereof; but her testimony shows that she did not read the mortgage.

The court instructed the jury that if they should render a verdict for the defendant, they should specify whether it was on the ground of usury or mutual mistake. The only verdict rendered by the jury was as follows:

"The jury say they find a verdict for the defendant on the ground of mutual mistake."

Without further evidence or proceedings in the action, or application to the court, the judgment was entered by the clerk, and is based solely on the verdict of the jury. It thus appears that it has not been determined that the mortgage was fraudulent and void, and it could not well be, for it is conceded that the defendant intended to execute a mortgage; and it has been neither canceled for excusable mistake on the part of one of the parties (see Jackson v. Andrews et al., 59 N. Y. 244; Hayward v. Wemple, No. 1, 152 App. Div. 195, 136 N. Y. Supp. 625, affirmed 206 N. Y. 692, 99 N. E. 1108; Moffett, Hodgkins, etc., Co. v. Rochester, 178 U. S. 373, 20 Sup. Ct. 957, 44 L. Ed. 1108), nor reformed on the ground of mutual mistake, by eliminating the clause imposing personal liability on the defendant. The question is therefore pointedly presented by this appeal as to whether an action at law on contract may be successfully defended against on the ground of mutual mistake, not even in executing the contract, but in inserting the provision on which the liability is predicated, without having the contract either *canceled or reformed.* I am of opinion that this cannot be done. It is well settled, of course, that fraud in inducing the execution of a contract is available as a defense to an action at law for the enforcement of the contract, but that is upon the ground that the contract is vitiated by the fraud (Bennett v. Edison Electric Co., 164 N. Y. 131, 58 N. E. 7; City of New York v. Matthews, 156 App. Div. 490, 141 N. Y. Supp. 432); but, as I understand the law, it has been held in every well-considered case in this and other jurisdictions, where the point was presented for decision, that if a defendant wishes to avoid liability on a contract duly made and executed in writing by him, he must have the contract canceled or reformed by a court of equity, although observations to the contrary have been made argumentatively in some judicial opinions (Born v. Schrenkeisen, 110 N. Y. 55, 17 N. E. 339; Johnson v. Johnson, 157 App. Div. 289, 142 N. Y. Supp. 416; City of N. Y. v. Matthews, supra; Brody, Adler & Koch Co. v. Hochstadter, No. 1, 150 App. Div. 527, 135 N. Y. Supp. 550; Thomas v. Bronx Realty Co., 60 App. Div. 365, 70 N. Y. Supp. 206; Rubenstein v. Radt, 133 App. Div. 57, 117 N. Y. Supp. 893. See, also, Moffett, Hodgkins, etc., Co. v. Rochester, supra). Doubtless the court might have adopted the finding of the jury to the effect that there was a mutual mistake, and have reformed the mortgage by striking out the clause imposing the personal liability on the defendant; but, inasmuch as that was not done, it is unnecessary to consider whether the evidence answers the test applied in such cases to warrant the reformation of a written instrument solemnly executed. See Christopher St. R'd Co. v. Twenty-Third St. R'd Co., 149 N. Y. 57, 43 N. E. 538.

On the new trial, which I think should be ordered, the proper practice, which requires that the equitable counterclaim be first tried at Special Term (Goss v. Goss & Co., 126 App. Div. 748, 111 N. Y. Supp. 115), should be followed.

I, therefore, vote for reversal and for a new trial.

McLAUGHLIN, J., concurs.