FRANCES M. SHERWOOD, Appellant, v. CLAYTON B. SHERWOOD, Respondent.

*Practice — motion to have certain defenses and counterclaims separately tried — laches.*

Application for an order staying the trial of this action pending an appeal from an order of the Supreme Court, made at the Niagara Trial Term denying plaintiff's motion for an order directing that certain defenses and counterclaims be separately tried.

PER CURIAM: We are of the opinion that all of the issues should be tried together. If it is found that the defendant's ancestor was incompetent, or that the contracts were procured by undue influence, it will be unnecessary to try the issues of reformation and as to whether there was a trust. If the finding is against the defendant upon the first two questions, then the same evidence may become relevant upon the other two issues, and that question may be disposed of by the trial judge alone, or with the aid of the verdict of a jury, upon special findings. The decisions cited (*Goss* v. *Goss & Co.*, 126 App. Div. 748; *Johnson* v. *Johnson*, 157 id. 289; *Harrison* v. *Loeser & Co., Inc.*, 164 id. 115) are in cases which arose in counties where equitable issues are not tried at the Trial Term, as is the practice in some of the rural counties in this Department and as may be done in this case in the discretion of the trial judge. Furthermore, the application should have been denied upon the ground of laches. All concur. Motion for stay pending appeal denied.

---

KEZIA HARRINGTON, Appellant, v. MYRNA SCHILLER, Appellant, Impleaded with CHARLES A. WHITE, as Administrator, etc., and Another, Respondents.

Appeal from a judgment of the Supreme Court, entered in the Erie county clerk's office July 23, 1918.

PER CURIAM: On the merits, we see no ground for disturbing the decision of the trial court. On the question of the testimony of Myrna Schiller, excluded under section 829 of the Code, we think the ruling was correct, both because she was a party to the action by her answer supporting plaintiff's claim, so that the testimony was offered in her own behalf, as well as in behalf of the plaintiff, her transferee, and also because she was interested in the result to sustain against the administrator plaintiff's and her right to the $3,000 realized from the check of Addie N. Schiller to her. All concur, except Hubbs, J., who dissents. Judgment affirmed, with costs.