GOLRAN REALTY CORPORATION and Another, Respondents, *v.* JAMES BUTLER GROCERY COMPANY, Appellant.

First Department, November 21, 1930.

*Henry M. Bellinger* of counsel [*J. Elmer Melick* with him on the brief; *Henry M. Bellinger*, attorney], for the appellant.

*Alexander Pfeiffer* of counsel [*Gabriel Kaslow* with him on the brief; *Pfeiffer & Crames*, attorneys], for the respondents.

MERRELL, J. Plaintiffs' action is one at law to recover of defendant the sum of $49,000, the amount of a down payment alleged to have been made upon a contract of sale of certain real property in the borough of Brooklyn, New York city, an additional sum of $1,419 for expenses, which plaintiffs allege they incurred in examining the title to the premises contracted to be sold, and a further sum of $80 which plaintiffs allege they paid to the auctioneer on the sale of said property to them. Plaintiffs' alleged right of recovery is based upon a claim that the title proffered by defendant was unmarketable. The answer of defendant puts in issue all of the material allegations of the complaint, and by way of an affirmative defense and counterclaim the defendant alleges a cause of action in equity against plaintiffs, the defendant asserting that its title to the premises was marketable, and demanding that plaintiffs be required to specifically perform the contract, receiving the defendant's deed and executing to the defendant a purchase-money bond and mortgage, which plaintiffs had contracted to deliver to defendant, and that plaintiffs otherwise perform the contract with defendant. By their reply, the plaintiffs deny the various affirmative allegations of the defendant's counterclaim. Defendant moved at Special Term for an order setting down for separate prior trial the equitable issues raised by defendant's said counterclaim for specific performance (or cross-action) and plaintiffs' reply thereto, and that said trial be held at Special Term for the trial of equity causes and issues, and further directing the trial of the issues raised by plaintiffs' complaint and the denials of defendant's answer be stayed meanwhile. The court at Special Term, by the order appealed from, granted the defendant's motion to the extent of granting a separate trial of the equitable issues set up by way of counterclaim in the defendant's answer, and permitting defendant to notice its said equitable issues at Special Term of said court, but the order appealed from stayed the trial of said equitable issues " until after the trial of all the issues arising upon the complaint herein and the defendant's answer thereto." It thus appears that the provision in the order appealed from staying the trial of the

equitable issues raised by defendant's counterclaim or cross-action completely nullified the object sought by defendant to have its equitable issues for specific performance first tried at equity term. The attorney for defendant promptly moved to resettle the order, and said motion was denied, and the defendant appeals also from the order denying its motion for resettlement.

Undoubtedly defendant's counterclaim for specific performance is in the nature of a cross-action by defendant against plaintiffs, and is triable as of right at an equity term of the Supreme Court. As was said by Judge COLLIN, in *Fulton County Gas & Electric Co.* v. *Hudson River Telephone Co.* (200 N. Y. 287, 291): " The mode of trial of an issue of fact arising upon a counterclaim is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment   *   *   *."

The court, in the order appealed from, was, therefore, quite right in directing a separate trial of the equitable counterclaim set up in the answer of defendant, and that such trial be held at Special Term for the trial of equity causes. In *Bennett* v. *Edison Electric Illuminating Co.* (164 N. Y. 131, 134) Chief Judge PARKER, in a dissenting opinion, correctly stated the rule as follows: " In the view of our jurisprudence a court cannot as well and as safely as a jury decide common-law issues, while on the other hand, a jury cannot as well and as safely as a court try equitable issues. As in the former there is an absolute right to a determination by a jury, so in the latter there is a like right to a trial by the court. And a denial of such a right, when properly demanded, constitutes reversible error."

There can be no question as to the proper exercise of the court's discretion in ordering a separate trial of the issues. Subdivision 3 of section 443 of the Civil Practice Act provides as follows: " 3. The court, in its discretion, may order one or more issues to be separately tried prior to any trial of the other issues in the case."

It appears to be the well-settled law in this State that a defendant is entitled to a prior trial of an equitable counterclaim set up in its answer to issues raised by a plaintiff's complaint and defendant's answer thereto. (*Brody, Adler & Koch Co.* v. *Hochstadter, No. 1,* 150 App. Div. 527, 529; *City of New York* v. *Matthews,* 156 id. 490, 493; *Rubenstein* v. *Radt,* 133 id. 57, 60; *Goss* v. *Goss & Co.,* 126 id. 748, 749; *Strauss & Co., Inc.,* v. *American Credit Indemnity Co.,* 203 id. 361, 363, 364.) In *Brody, Adler & Koch Co.* v. *Hochstadter (supra),* a case in its facts almost identical with the case at bar, this court clearly enunciated the rule that a defendant's equitable counterclaim must be disposed of prior to the other issues raised by the complaint and

the defendant's answer thereto. In that case the plaintiff sued, as here, to recover a down payment on a contract for the sale of real property. The defendants, as here, interposed a counterclaim for specific performance of the contract of sale. At Special Term defendants' motion for a prior trial of the equitable issues raised by their counterclaim was denied, but upon appeal to this court the order of the Special Term was reversed and defendants' motion for a separate trial of such issues was granted, and the trial of the other issues in the case stayed in the meantime. In that case this court said, writing by Mr. Justice LAUGHLIN (at p. 528): "It is argued in behalf of the respondent that the facts alleged, upon which specific performance is d manded, are also alleged as a separate defense, and that either under the denials of the allegations of the complaint, or by virtue of the separate defense, they are available, if proved, to defeat the plaintiff's cause of action, and that, therefore, the plaintiff is entitled to have the issues arising on the allegations of the complaint tried before a jury. This contention would doubtless prevail were it not for the fact that the issues arising on the counterclaim involve, not only the issues arising on the allegations of the complaint, but the right of the defendants to specific performance. In the event that the defendants succeed on their counterclaim, that would be an adjudication that the plaintiff is not entitled to recover, and if the defendants should be defeated, that would establish the plaintiff's right to recover the amount paid to apply on the purchase price of the premises. The defendants having interposed a counterclaim for equitable relief, the trial of the issues arising thereon must be at Special Term, as if the defendants had brought an action against the plaintiff for the same relief as that demanded in the counterclaim (Code Civ. Proc. § 974), and in such case, where the equitable counterclaim, if established, would extinguish the plaintiff's cause of action, the practice requiring the issues arising thereon to be first tried is sustained by authority. * * *

"It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and motion granted, without costs, to the extent of requiring a separate trial of the issues arising on the counterclaim and reply thereto, and staying the trial of the other issues in the meantime."

There is no distinction between the facts in the *Brody* case and those in the case at bar. The case of *Goss* v. *Goss & Co.* (126 App. Div. 748) was an action at law on promissory notes. The defendant in its answer set up by way of counterclaim an equitable cause of action constituting a defense to the notes in suit, and demanded an affirmative equity judgment in its favor. Mr. Justice

CLARKE, writing for this court, said (at p. 749): " We are of the opinion, therefore, that the proper practice in such case is to move for an order directing separate trials in the appropriate forum of the separate issues and the order of trial thereof. In the case before us such an order should provide that the equitable issue be first tried and the trial of the other issue should be stayed until the determination of said equitable issue."

Such, clearly, has been the practice established in this department. The defendant was, therefore, entitled to a provision in the order directing that the equitable issues raised by the defendant's counterclaim and plaintiff's reply thereto be first tried at Special Term of the Supreme Court for the trial of equity causes and issues, and setting down such equitable issues for trial at Special Term; and that in the meantime the trial of the issues raised by the allegations of the plaintiffs' complaint and defendant's denials thereof should be stayed.

The order appealed from in so far as it denied the defendant's motion for a prior separate trial of the issues raised by the defendant's counterclaim to plaintiffs' cause of action and the plaintiffs' reply thereto, and stayed the trial of the defendant's said equitable issues until after a trial of the issues arising upon the complaint and the defendant's answer thereto, exclusive of said counterclaim, should be reversed, with ten dollars costs and disbursements, and the defendant's motion for a prior separate trial of the issues arising upon its equitable counterclaim and to stay the trial of the issues raised by the complaint and defendant's answer thereto until after a trial of the issues arising upon such counterclaim, should be granted, with ten dollars costs. The appeal from the order denying motion to resettle should be dismissed.

DOWLING, P. J., FINCH, McAVOY and SHERMAN, JJ., concur.

Order entered April 22, 1930, in so far as it denied motion for a prior separate trial of the equitable issues raised by counterclaim and reply thereto, and stayed the trial of said equitable issues until after the trial of the issues arising upon the complaint and answer thereto exclusive of counterclaim, reversed, with ten dollars costs and disbursements to appellant, and motion for a prior separate trial of said equitable issues granted, with ten dollars costs. Appeal from order entered June 4, 1930, dismissed.