HANNAH SIMON, Plaintiff, v. HELEN WALTMAN, Defendant.

Supreme Court, Special Term, Kings County, October 3, 1945.

*Harold A. Strauss* for plaintiff.

*Joseph W. Gottlieb* for defendant.

F. E. Johnson, J. Plaintiff, who has brought suit in this court for specific performance for the contract of the sale of real property, moves to bring to this court a Municipal Court action against her brought by the present defendant wherein this defendant is plaintiff, and which is an action at law in which she has demanded and obtained a jury of six.

The present plaintiff could in the Municipal Court action set up all the facts concerning the alleged fault of the buyer and thereby, if successful, defeat the suit to recover the deposit. The fact that the Municipal Court cannot grant equitable relief has nothing to do with it because under section 83 of the New York City Municipal Court Code (L. 1915, ch. 279, as amd.), which has been in that form for many years, this plaintiff may set forth in her answer any facts equitable or legal which will constitute a defense. If she establishes these facts she thereby defeats the Municipal Court action. (Lauer on Municipal Court Code in the City of New York, Annotated [1916 ed.], § 6, p. 106.)

This plaintiff however has not done that and does not desire to do that but prefers, if possible, to have the entire controversy disposed of in this court. The difficulty is how to handle the existing jury right for trial by six men, already a constitutional right of the Municipal Court plaintiff. To join that action with the equity action in this court will require two trials in this court. There does not seem to be any decision to the effect that this should be done. The cases cited by the present plaintiff seem to be entirely irrelevant.

*Gianopoulos* v. *New York Bankers* (234 App. Div. 682) is a decision containing no reference whatever to the facts and it is impossible to tell from the court report how the question of consolidation arose. It is not a decision of this department.

*Golran Realty Corporation* v. *Butler Grocery Co.* (230 App. Div. 661) consolidated one party's equitable defense with the other party's claim at law, and of course the jury trial remained untouched. There was a question of the Statute of Limitations which the Appellate Division directed should be tried first, but both claims had originally arisen in this same court and it was not a case of removing one action from another court.

In *First Trust & Deposit Co.* v. *Dent* (36 N. Y. S. 2d 664) both claims were brought in this court and the convenience of witnesses required joining actions from different counties.

*Uterhart* v. *Nat. Bank of Far Rockaway* (255 App. Div. 859) did not involve a jury question at all and was not a case of

removing one claim from another court. Apparently both claims were triable in the same court and each had already been brought into this court by a Supreme Court suit.

*Brinks Express Co., Inc.,* v. *Burns* (230 App. Div. 559) was the joining of two jury actions, as was the situation in *Brown* v. *Martin* (231 App. Div. 845).

In *Kelly* v. *Hilbert* (200 App. Div. 489) which was not an appeal from a consolidation, a remark was made in the opinion about what would happen if a motion for consolidation was made. Even so, it is inapplicable because after the complaint was amended both claims were at law and both were triable before the one jury.

*Goldey* v. *Bierman* (201 App. Div. 527) was the transfer of a nonjury Municipal Court case to be consolidated with a nonjury Supreme Court case, which was perfectly proper if the court thought no prejudice would result.

In *Meuer* v. *Horowitz* (20 N. Y. S. 2d 780) both actions were at law and therefore could be tried together. The fact that one was by a jury made no difference since neither was a Special Term case.

In *Warren Foundry & Pipe Corp.* v. *Bd. Water Comrs.* (146 Misc. 323) both actions were in this court, so there was no question of moving the case from another court. Plaintiff, in the New York County action, apparently sued at law. The Westchester plaintiff, Warren, sought to consolidate the various contractors' claims; the Justice in Westchester said that instead of suing separately the plaintiff in the New York action should have put in a cross answer in the lien suit, which is substantially what our plaintiff has been urged to do by the court upon the hearing of this motion. It is apparent from the decision that each claimant was seeking a lien and the well-known procedure in lien foreclosures is for all parties to file their cross answers. It does not appear in the *Warren* case (*supra*) that anyone had sought a jury or that there was any question of conflict between the Special Term and the Trial Term.

In view of the fact that to bring the Municipal Court action here will require that a jury trial be had of that law claim and that, separately, an equity trial be had of the specific performance claim, there is bound to be two suits if the motion is granted. There is no saving of time therefore and since the Municipal Court plaintiff has a jury of six and the Supreme Court uses twelve, there is no need to complicate the situation by taking the case out of the Municipal Court. The absence of any authority to the effect that the relief here sought should

be granted is significant indication of the policy of the Supreme Court against creating such a situation.

Motion is denied and the original decision is adhered to.