(20 Misc. Rep. 632.)

### HUTKOFF v. MOJE.

#### (City Court of New York, General Term. July 2, 1897.)

1. NOTE PROCURED BY FRAUD—LIABILITY OF MAKER.

    Where a party is induced to sign a negotiable instrument by fraud or deception practiced upon him by another as to the nature of the instrument, and he signs the same innocently and under the belief that it is a contract of a different character, there can be no recovery upon the instrument, although the holder may be an innocent purchaser for value before maturity, unless the maker was guilty of laches or carelessness, in omitting to ascertain the true nature of the instrument.

2. EVIDENCE OF PARTY.

    Where the ability of the defendant to speak English is a material fact in issue, it is error to refuse to allow him to testify that he cannot speak it, though another witness swears that defendant cannot speak it.

    McCarthy, J., dissenting.

Appeal from trial term.

Action by Nathan Hutkoff against John Moje. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Otto Kempner, for appellant.
Leventritt & Nathan, for respondent.

VAN WYCK, C. J. The plaintiff sues as indorsee from the payees of the note made by defendant, who defends upon the ground that the

payees, by their agent, induced him to sign the note under fraudulent and false representations that the same was an instrument of an entirely different character, to wit, a mere acknowledgment that he made a contract with them to put up the fixtures in his saloon. The jury was charged that if they found that plaintiff obtained the note before maturity, for value, and in good faith, their verdict must be for him, notwithstanding any fraud that was committed against defendant, the maker, to which defendant excepted. The court was requested by defendant, and refused, to charge that if the defendant could not read nor write the English language, and after due precaution under the circumstances, and without negligence on his part, was induced to sign the note sued upon, believing that it was a paper of another character, and signed it upon the misrepresentations of the agent of the payees in reliance upon this agent's assurance that it was a paper of another character, then, notwithstanding the fact that the holder of the note is an innocent holder before maturity, their verdict must be for the defendant. The charge made does not correctly state the law applicable to cases of this kind, and the request refused properly states the law upon the facts of the case. The law of the state is that, where a party is induced to sign a negotiable instrument by reason of fraud, artifice, or deception practiced upon him by another as to the nature of the instrument, and the maker signs the same innocently, and under the belief that it was a contract of a different character, then there can be no recovery upon the note, although the holder may be an innocent purchaser for value, before maturity, unless the maker was guilty of laches or carelessness in omitting to read the same, or by some other means ascertaining the true nature and import of the instrument. Bank v. Veneman, 43 Hun, 242, cited with approval in Page v. Krekey, 137 N. Y. 313, 33 N. E. 311. It was also error not to allow defendant to answer his counsel's question whether he could read or write English, and this was not cured because one of his witnesses testified that he knew defendant could not read or write English, for defendant had the right to have the jury hear his own testimony upon this all-important question. This judgment cannot be sustained upon the theory that the court would have been justified in ruling as matter of law that defendant was guilty of negligence in signing the instrument.

Judgment and order reversed, with costs to appellant to abide the event.

SCHUCHMAN, J., concurs. McCARTHY, J., dissents.