(18 App. Div. 410.)

BENNETT v. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   June 29, 1897.)

PROCEDURE—REFORMATION OF CONTRACT—HEARING AT TRIAL TERM.
Where facts entitling a defendant to a reformation of a contract on the ground of mistake or fraud are pleaded as a defense in an action on the contract, the issue may properly be determined at trial term, and need not be sent to special term for a separate hearing.

Appeal from special term, Kings county.

Action by Gerard Bennett and Herman D. Levino against the Edison Electric Illuminating Company of Brooklyn.   Appeal from so much of an order made at a special term as denied defendant's motion for a trial of the equitable issues in the action at a special term,

without prejudice to right of renewal at circuit before the trial court; also a motion made by the plaintiff to dismiss the defendant's appeal from the order. The appeal and motion were heard together. Dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Martin W. Littleton, Edward M. Shepard, and Frank Harvey Field, for appellant.

Edward M. Grout, for respondent.

HATCH, J. The amended answer of the defendant averred that the written contract upon which plaintiff's action was based did not express the true contract between the parties. The written contract provided that plaintiff was to receive $10 per 1,000 gallons of water for each day of 24 hours. The contract claimed by the defendant to have been made provided that the plaintiff should only receive $1 per 1,000 gallons of water for each day of 24 hours. The answer avers that this change was made either through mistake or fraud, and asked in its prayer for relief that the contract be reformed in this respect. The amended answer, averring these facts, pleads the same by designation as a defense, and not by way of counterclaim.

It is probably true that the matter alleged in the defendant's answer, as above stated, constituted a counterclaim. Such view has the sanction of authority to sustain it. Colville v. Chubb, 20 Civ. Proc. R. 352, 14 N. Y. Supp. 717; Bora v. Schrenkeisen, 110 N. Y. 60, 17 N. E. 339. The matter was equally available to the defendant as a defense to the action in the manner in which it was pleaded; and, if it was established that there was a mistake in the respect claimed, it constituted a good defense to that extent, and the plaintiff's action would be defeated, or its damages measured by the reduced price. There is an incongruity in severing the issues in such an action, and sending the equitable counterclaim to the special term for trial, and holding the law part of the action for trial at the circuit. If the matter pleaded as a defense is, in its technical sense, a counterclaim, still it is equally available as a defense, and there is no difficulty in disposing of such an issue at the circuit, and much less circumlocution. The issue is plain and direct should the contract read 10 or 1. No embarrassment can be encountered in disposing of such an issue in an action at law. That it is proper to plead this issue as a defense, and try and dispose of the same at the circuit, has the support of direct authority. Kirchner v. Machine Co., 135 N. Y. 182, 31 N. E. 1104.

The cause having been sent to the circuit, and a trial had, this appeal should not now be heard. The motion to dismiss should be granted. All concur.