GERARD BENNETT et al., Respondents, *v.* EDISON ELECTRIC ILLUMINATING COMPANY OF BROOKLYN, Appellant.

SEPARATE TRIAL OF COUNTERCLAIM ALSO CONSTITUTING A DEFENSE WILL NOT BE GRANTED — CODE OF CIV. PRO. § 974. Where the answer in an action on contract alleges as a defense and also by way of a counterclaim that the agreement was to pay a certain sum instead of that stated in the contract, and that defendant's signature was procured through fraud, and demands the reformation of the contract, a motion under section 974 of the Code of Civil Procedure that the equitable issue raised by the pleadings be first tried by the court is properly denied, since the matter alleged as a counterclaim, if proved, also constitutes a defense and relieves the defendant as fully as the allowance of the counterclaim, and the provisions of that section have no application, but were intended to provide for the mode of trial of an issue arising upon a counterclaim in which the facts alleged do not constitute a defense and are not available as such.

*Bennett* v. *Edison El. Il. Co.*, 26 App. Div. 363, affirmed.

(Argued May 25, 1900; decided October 2, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 16, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward M. Shepard* and *Frank Harvey Field* for appellant. The defendant was entitled to a trial by the court of its equitable counterclaim for the reformation of the written contract. (Code Civ. Pro. §§ 969, 974; *Maher* v. *H. Ins. Co.*, 67 N. Y. 283; *Kilmer* v. *Smith*, 77 N. Y. 226; *A. C. Sav. Inst.* v. *Burdick*, 87 N. Y. 40; *Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182; *Colville* v. *Chubb*, 14 N. Y. Supp. 433; *Born* v. *Schrenkeisen*, 110 N. Y. 55; *Post* v. *Moran*, 10 Daly, 502; *McClave* v. *Gibb*, 157 N. Y. 413.)

*Edward M. Grout* for respondents.    The issue between the parties as to the contract price was properly tried.    (*Walker* v. *Ins. Co.,* 143 N. Y. 167; Code Civ. Pro. § 975.)

HAIGHT, J.    This action was brought to recover the contract price for digging two wells at the defendant's electric lighting station.    The contract was in writing, and as written, the defendant agreed to pay the plaintiffs $10 per one thousand gallons of water per day of twenty-four hours, upon completion of the wells and after their test.    The answer interposed by the defendant alleged, for a defense and by way of counterclaim, that the agreement was to pay $1.00 per thousand gallons of water furnished, instead of $10.00 as stated in the contract, and that the signing of the contract by the defendant's superintendent was procured through false representations made with reference to the contents of the instrument and with intent on the part of the plaintiffs to defraud the defendant.    The answer, among other things, demanded the reformation of the contract by the insertion therein of $1.00 in the place of $10.00.    When the case was called for trial the defendant's counsel moved that the equitable issue raised by the pleadings be first tried by the court.    This motion was denied and an exception was taken.    The defendant's motion was based upon section 974 of the Code of Civil Procedure, which provides as follows: " Where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact, arising thereupon, is the same, as if it arose in an action, brought by the defendant, against the plaintiff, for a cause of action stated in the counterclaim, and demanding the same judgment."    In *Mackellar* v. *Rogers* (109 N. Y. 468, 471), DANFORTH, J., referring to the provisions of this section of the Code, says : " The conditions upon which the right depend, exist in favor of the defendant, but that right is not absolute or unqualified ; it is relative and limited, and, in the words of the heading of section 974, ' within' certain ' foregoing sections' only is ' a counterclaim to be deemed an action.'    We

find nothing there which required a court to sanction the course pursued by the defendant. If tolerated, it would enable a person sued to postpone and delay the plaintiff in the prosecution of a just cause until at a convenient time and before another tribunal he had presented a cause of action subsequently brought into court, and the determination of which has no necessary connection with the plaintiff's demand in suit. It would, moreover, permit him to do this after selecting a different court for the trial of his issue, and evade that trial at the moment it was to commence by the expression of his mere wish to go into a different forum, thus putting his adversary at defiance and interrupting the court in the transaction of business which he himself had in a formal manner brought before it."

We do not at this time deem it necessary to determine whether the matter alleged in the answer constitutes an equitable counterclaim. For, assuming it to be a counterclaim, the matter alleged also constitutes a defense and relieves the defendant as fully as the allowance of the counterclaim. If the signature of the defendant to the contract was procured through fraud, it was not the defendant's contract and that defense was open and available to the defendant in any action at law brought upon the contract. The provisions of the Code referred to, we think, have no application to an issue of this character, but were intended to provide for the mode of trial of an issue arising upon a counterclaim in which the facts alleged do not constitute a defense and are not available as such.

The questions of fact arising upon the trial have been finally disposed of by a unanimous affirmance of the judgment entered upon the verdict. There were some exceptions taken to the admission and rejection of evidence and to the refusal of the court to charge the jury as requested, but these exceptions, we think, were properly disposed of in the Appellate Division.

The judgment should be affirmed, with costs.

PARKER, Ch. J. (dissenting).   In the view of our jurisprudence a court cannot as well and as safely as a jury decide common-law issues, while on the other hand, a jury cannot as well and as safely as a court try equitable issues.   As in the former there is an absolute right to a determination by a jury, so in the latter there is a like right to a trial by the court. And a denial of such a right, when properly demanded, constitutes reversible error.

The inquiries in this case are two.   The *first* is, was the defendant entitled to a trial of an issue presented by his answer before the court, and, *second*, was the demand for such a trial seasonably and properly made?

Plaintiffs sued to recover upon a written instrument the price of digging two wells.   It was stated in said instrument that the plaintiffs should be paid therefor " at the uniform price of $10 per 1,000 gallons of water furnished per day of 24 hours."

The defendant pleaded by way of defense and counterclaim that the instrument did not set forth the true agreement; that the price was to be $1 instead of $10 per thousand gallons; that the execution of the agreement couched in different terms than was agreed was due to the mistake of the defendant and the fraud of the plaintiffs; and, in its prayer for judgment, it asked that the agreement should be so reformed as to express the real agreement of the parties by changing the price named therein of $10 per thousand gallons, etc., to $1 per thousand.

The jurisdiction to reform written instruments is exclusively equitable; it has been frequently invoked; and had the action been brought by the defendant to reform the instrument, no one would think of questioning its claim of absolute right to try the case on the equity side of the court.   (Code, sections 968, 969.)

Section 968 relates to issues triable by jury, and section 969 is as follows:

" An issue of law, in any action, and an issue of fact, in an action not specified in the last section, or wherein provision

for a trial by a jury is not expressly made by law, *must be tried by the court*, unless a reference or a jury trial is directed."

Whether the right remains to try such an issue before the court when it is set up in an answer by way of counterclaim in an action on the contract depends upon the provisions of section 974 of the Code, which reads as follows:

"Where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact, arising thereupon, is the same, as if it arose in an action, brought by the defendant, against the plaintiff, for the cause of action stated in the counterclaim, and demanding the same judgment."

There is no room for doubt touching defendant's right under this section of the Code, for it declares that when the defendant interposes a counterclaim with a demand for affirmative judgment, "the mode of trial of an issue" thus arising is the same as if the defendant had brought an action for that purpose, and, as we have already observed, had the defendant brought an action to reform the instrument, its right to try it before the court could not have been questioned.

There is no section of the Code in conflict with the mandatory provisions of section 974; none conferring upon the court the authority to exercise its discretion. But it is suggested that the court did exercise its discretion in *Mackellar* v. *Rogers* (109 N. Y. 468), and an expression is quoted from the opinion indicating, possibly, that the writer would have favored more flexible legislation on the subject, but the court preserved fully the integrity of the statute and gave to its provisions full force and effect. What the court decided in that case was, not that the defendant had not once the absolute right to the mode of trial provided by section 974, but that he had waived it. That action was in equity; the defendant set up a counterclaim and demanded judgment for a sum alleged to be due for damages for the breach of the contract. Both parties noticed the cause for trial at the Special Term, and, when it was regularly called for trial, the defendant, for the first time, demanded a jury trial. It was held that he had

waived his right to a jury trial and consented to a trial by the court.

This brings us to the second question which is, whether the defendant seasonably and properly demanded its rights in the premises; for, as we have seen in the *Mackellar* case, a party may so act as to waive the right which the statute confers. Some time after the action was at issue, the defendant regularly moved the court at Special Term for a trial of the issue initiated by its counterclaim. The court denied the motion, "but without prejudice to a renewal of such application before the trial judge upon the trial hereof." From that order an appeal was promptly taken to the Appellate Division, where it was affirmed.

There was nothing left for the defendant to do but demand its right at the Trial Term, which it did. It asked not for delay, but simply that the equitable issues be first tried by the court, and that then the trial of the common-law issues proceed. The motion was denied, exceptions noted and the trial went on before the jury, who were permitted to decide the equitable as well as common-law issues in defiance of the defendant's right.

There is no room for the claim of waiver in this case, and it follows that the defendant was entitled to have allowed to it by the court the privilege conferred by the express terms of the statute.

The suggestion that "the matter alleged also constitutes a defense and relieves the defendant as fully as the allowance of the counterclaim" begs the whole question, if it be true; and it is extremely doubtful whether it is. True, the jury might have relieved the defendant by a verdict in its favor, and had they done so, their action would have shown that, by depriving defendant of its right to have a court rather than a jury pass upon the counterclaim, no practical harm had come to it. But the jury did not find in defendant's favor, and now it cannot be said that the defendant was not injured by the action of the court in refusing its statutory right of a trial of the equitable issue before the court.

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, MARTIN, LANDON and WERNER, JJ., concur with HAIGHT, J., for affirmance; O'BRIEN, J., concurs with PARKER, Ch. J., for reversal.

Judgment affirmed.