(60 App. Div. 365.)

## THOMAS v. BRONX REALTY CO.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. VENDOR AND PURCHASER — EQUITABLE COUNTERCLAIM — REFORMATION OF CONTRACT—ISSUE TRIABLE AT SPECIAL TERM.

Where, in an action for damages for a breach of contract for sale of real estate, defendant alleged that, prior to the execution of the contract, defendant agreed to sell the premises mentioned, and that, as the execution of such contract was dependent on the fulfillment of another contract between other parties and defendant, it was agreed that, if title to the property was objectionable to the plaintiff, the money paid should be refunded, and the contract should be void, and that such agreement, though made, was not incorporated in the written contract, and asked that the contract be reformed, and, after reformation, be delivered to defendant for cancellation, such allegation constituted an equitable counterclaim, which defendant was entitled to have tried at special term, as authorized by Code Civ. Proc. § 974.

2. SAME—STAY.

The fact that defendant, in an action for breach of a contract for the sale of real estate, set up an equitable counterclaim, which he was entitled to have tried at special term, before trial of the action at law, did not authorize a stay of the law action, where, by the exercise of ordinary diligence, the trial at special term might be had before issues presented by the complaint at law could be reached for trial.

Appeal from special term, New York county.

Action by Rowland W. Thomas against the Bronx Realty Company. From an order denying defendant's motion for a stay of proceedings pending trial of an equitable counterclaim at special term, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Mortimer Kennedy Flagg, for appellant.
Charles P. Hallock, for respondent.

HATCH, J. This action is brought to recover damages for breach of contract in the sale of real property. The complaint avers the making of the contract, its breach, and demands damages in a specified sum. The amended answer of the defendant admits the making of the contract, and that, at the time fixed therein for the delivery of the deed, delivery of the same was not tendered. It then avers

that at that time it was ready to return to the plaintiff the amount which had been paid upon the contract. For a separate defense, and as an equitable counterclaim to the action, it is averred, inter alia, that, prior to the execution of the agreement set forth in the complaint, the defendant agreed, upon certain terms, to sell the premises mentioned therein, and that, as the execution of such contract was dependent upon the fulfillment of another contract between other parties and the defendant, it was agreed that, if the title to the property was objectionable to the plaintiff, the money paid upon the contract, set forth in the complaint, at the time of its execution, should thereupon be refunded, and thereupon such contract should become null and void; that such agreement, although made, was not incorporated in the written contract, as it properly should have been; and such answer demanded judgment that the contract sued upon be reformed so as to include the terms of the agreement omitted from the written instrument, and that after such reformation the agreement be delivered to the defendant for cancellation. The defendant claims that this answer sets up an equitable counterclaim, which he is entitled to have first tried, as otherwise he may not avail himself of it as a defense to the action. We are of opinion that the pleading constitutes an equitable counterclaim, under the provision of section 974 of the Code of Civil Procedure, and under its provisions the defendant is entitled to the trial of such issue at the special term. Nothing which appears in Bennett v. Light Co., 164 N. Y. 131, 58 N. E. 7, conflicts with this view. The counterclaim averred in that action asked for the reformation of the contract sued upon, on the ground that defendant had been induced to execute the same through fraud practiced upon it, and this, if found as a fact, was available to defendant as a defense. It needed no reformation of the contract, because, if the allegations of the answer were true, all basis for the action would fail, as there would exist no valid contract between the parties. In the present case, however, as the contract sued upon is complete upon its face, the plaintiff shows himself entitled to recover. The effect, therefore, of the averments in the counterclaim, is to show the omission of matter which constitutes a part of the agreement between the parties, and which, if true, will furnish a complete answer to the plaintiff's claim for damages for the breach. Without this reformation, defendant may not avail himself of such matter as a defense. It is therefore evident that he is entitled to a trial of this issue at special term.

It does not, however, follow that his motion for a stay for the trial of the action should be granted. On the contrary, we think it was properly denied; for the defendant, in the exercise of ordinary diligence, may have the issue presented by the counterclaim tried at special term before the issues presented by the complaint can be reached for trial. Consequently there is no basis for granting a stay of proceedings.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.