### WHITE et al. v. SHONTS et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. TRIAL (§ 3*)—EQUITABLE DEFENSES AND COUNTERCLAIM—SEPARATE TRIAL.

In an action on a note alleged to have been given by defendant S., secured by certain stock and transferred to plaintiffs, S. filed an answer denying the execution of the note and an equitable counterclaim that if she had executed it she had been induced to do so by the fraud of another defendant in obtaining its execution while she was executing papers in connection with the purchase of certain real property and a power of attorney for the purpose of pledging the stock as collateral for the performance of such contract, praying a return of the certificate, a cancellation of the note and power of attorney, for the value of the stock if it could not be delivered, and a stay of plaintiffs' action pending determination of the defenses and counterclaim, together with an injunction restraining a transfer of the note, power, and stock during the pendency of the action, etc. Held, that the facts pleaded in the counterclaim were available to S. as a defense to the action, and that S. was not entitled to a trial of the equitable issues so raised before the trial of the action on the note.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

2. PLEDGES (§ 55*)—RIGHTS OF PLEDGOR.

Where a note executed by defendant S., accompanied by certain stock, was transferred to plaintiffs under power of attorney, and S. first denied that she executed the note, and then alleged that if she had executed it she had been induced to do so by fraud, and that the stock was delivered by her to one of her codefendants to be deposited to secure her contract to purchase certain real estate and not to secure the note, her right to the stock depended on payment of the note in case she was liable thereon, or on a final judgment in her favor on that issue, since, if she was not liable on the note, she could recover the stock in replevin.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 140–151; Dec. Dig. § 55.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PLEDGES (§ 31*)—RIGHTS OF PLEDGEE—TRANSFER OF COLLATERAL—"CONVERSION."

Where a pledgee sells collateral deposited as security for a note so as to be unable to deliver the collateral on payment of the note or of a judgment recovered thereon, he is guilty of "conversion."

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 86–88; Dec. Dig. § 31.*

For other definitions, see Words and Phrases, vol. 2, pp. 1562–1570; vol. 8, p. 7618.]

Appeal from Special Term, New York County.

Action by Archibald S. White and others against Milla D. Shonts, impleaded with Charles E. Thorn and another. From so much of an order of the Special Term as granted a separate trial of the issues tendered by the counterclaims of defendant Shonts and the reply thereto, and as denied plaintiffs' motion to vacate part of an order granting a separate trial of such issues and staying a trial of the remaining issues in the action at Trial Term, plaintiffs appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Wm. H. Griffin, of New York City, for appellants.
Charles A. Boston, of New York City, for respondents.

LAUGHLIN, J. This is an action on a promissory note made by the defendant Shonts to the order of the defendant Wanser which, it is alleged, was duly indorsed by the payee and for value delivered to the defendant Thorn before maturity, and by him duly indorsed and delivered for value to the plaintiffs before maturity, and was duly protested for nonpayment. The defendant Shonts admits that she received what purported to be a notice of protest; but, upon information and belief, she denies that she executed the note and delivered it, or that it was for value, or that the presentation and protest thereof were due presentation and protest, or that notice of protest was duly given, or that any sum of money is due and owing from her to the plaintiffs; and she denies that she has any knowledge or information sufficient to form a belief with respect to any of the other allegations of the complaint. The answer further contains two separate defenses pleaded as complete defenses, and one pleaded as a partial defense, and three counterclaims.

The first counterclaim alleges, by reference, all of the allegations pleaded as a first separate defense. The material facts alleged in that defense are, in substance, that on or about the day the note bears date the defendant Wanser presented to the defendant Shonts a proposed contract for the purchase by her from the executors or trustees of one Hoe the premises in the city of New York known as "Schuyler Arms," and a proposed power of attorney for the sale of certain stock to be pledged by her under the contract for the purchase of said property, which contract and power of attorney purported to have been examined and approved, as to form, by her counsel and who apparently

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had indicated his approval thereon, and that after she signed the con-
tract and power of attorney Wanser presented to her another docu-
ment the purport of which she did not understand, but which she al-
leges upon information and belief was a form of power of attorney
"for the sale of certain additional stock" belonging to her which
Wanser had procured from her for the purpose of pledging the same
as additional collateral for the performance of her contract to pur-
chase said property, and she alleges upon information and belief that
this power of attorney purported to empower Wanser to dispose of
the stock by sale with power of substitution and revocation, but that
it was not her intention, as Wanser well knew, to empower him to
·dispose of the stock, and that he well knew that she did not intend to
sign any paper that had not been examined and approved by her coun-
sel as proper for her to sign with respect to said purchase and to giv-
ing stock in pledge as security therefor, and that she executed said
papers relying upon representations made by said Wanser that they
had been approved by her counsel; that said representations made by
Wanser to her were false and fraudulent, and that her counsel had
never seen or approved any of the papers, and that she was not aware
that she signed any promissory note, and that if her signature to a
promissory note was thus obtained it was without validity; that after
·so obtaining the stock and power of attorney said Wanser proceeded
to misapply the stock and to hold it as collateral "for the said alleged
promissory note," and that the transfer of the note to the plaintiffs
·was accompanied by the delivery of said power of attorney and certifi-
·cate of stock which was not indorsed by her, and that the plaintiffs
·received the note with notice of its invalidity, without value or value
·commensurate with its value as a valid instrument secured by col-
lateral, and after maturity and not in due course; that she did not
·borrow or secure any loan by the pledge of said stock, and that she
·did not affix or cancel any stock transfer stamps on the certificate of
stock or authorize any one so to do; that Wanser had no authority
·to borrow money upon the promissory note, and that she received no
part of the proceeds and did not authorize him to pledge the stock,
·and that, inasmuch as the transactions all took place in the city of
New York, the attempted pledge of the stock was notice to the plain-
tiffs of the invalidity of the note and of all defenses thereto. It is
further pleaded in this counterclaim that prior to the commencement
of this action the defendant Shonts rescinded the power of attorney
obtained by Wanser on the ground of fraud and gave due notice
thereof to the plaintiffs and demanded the return of the stock which
·they held as security for said note, and that this demand was refused,
and that the plaintiffs thereupon converted the certificate of stock,
·which was of the value of $3,680 or thereabouts, to their own use.

The only question presented is whether an equitable counterclaim
is pleaded which should be first tried at Special Term. It is quite
·clear that the first counterclaim is for the conversion of the stock, and
therefore a legal counterclaim, and the order cannot be sustained on
the facts pleaded therein.

The second counterclaim merely alleges, by reference, the allegations

contained in the first separate defense, the substance of which has already been stated, and it contains no additional allegations. The third counterclaim merely alleges, by reference, the allegations of the second separate defense. The only material allegations of that defense are that the note was procured by the payee by fraud and subterfuge, and that it was never executed or delivered to him, and that he was not the owner and had no right or power to transfer any title thereto. The defendant by the prayer for relief demands judgment for the dismissal of the complaint and for the return of the certificate of stock and the cancellation of the note and the power of attorney and the delivery thereof to the defendant Shonts, and for the value of the stock in the event that its return cannot be compelled, and for costs, and for the usual other and further relief, and for the stay of the prosecution of the plaintiffs' cause of action pending the determination of the defenses and counterclaims, and that pending the action the plaintiffs be restrained from transferring the note, power of attorney, and stock, and that they be impounded for safe-keeping, and that it be decreed, in the event of a recovery by the plaintiffs, that they exhaust their remedies against the other defendants first, and that she have relief against her codefendants for the amount of any recovery against her by the plaintiffs and the value of the stock which may not be returned, and such other and further relief against them as may be proper, together with costs.

[1] The learned counsel for the appellants contends that the facts thus pleaded in the second and third counterclaims are available to the defendant Shonts as a defense to the action, and they undoubtedly are. Hutkoff v. Moje, 20 Misc. Rep. 632–634, 46 N. Y. Supp. 905, and cases cited. Counsel for appellants further contends that they should not be deprived of their right to a jury trial on the issues which arise under the complaint and the defenses thereto which are made the basis of these counterclaims to which the plaintiffs have replied, putting in issue the material allegations.

[2] I am of opinion that the facts of this case are exceptional, and that it does not fall within the rule that in an action at law an equitable counterclaim should be first tried. See Brody, Adler & Koch v. Hochstadter, 150 App. Div. 527, 135 N. Y. Supp. 550. I know of no authoritative decision in this jurisdiction, and none is cited, holding that the plaintiff can be deprived of his right to a jury trial in an action at law on a promissory note by the interposition of a plea of an equitable counterclaim for the cancellation and return of the note, or be delayed in procuring judgment by the presentation of an issue between the defendants as to which of them is primarily liable, or for the determination by a court of equity as to whether execution should first issue against the indorsers of the note. It may be said that the order does not necessarily deprive the plaintiffs of the right to a jury trial, and that they would still be at liberty to apply to the court to have the issues raised on the counterclaims settled and tried by a jury; but that would rest in the *discretion* of the court, and they would not be entitled *as a matter of right* to the settlement of these issues and their trial by a jury.

[3] Accepting the allegations of the counterclaims, the plaintiffs merely claim to hold the certificate of stock as collateral security for the note, and, if they should transfer the stock so that they would be unable to deliver it on payment of the note or of any judgment recovered herein, they would be guilty of conversion. If they lawfully hold the stock as security for the note, the defendant would not be entitled to a return thereof until after payment of the note or satisfaction of the judgment entered thereon, and her right to the return of the stock would not be presented by the issues in the action, but would follow as a matter of course upon the payment of the obligation to secure which the stock was held. James v. Hamilton, 2 Hun, 630, affirmed 63 N. Y. 616; Jenkins v. Conklin, 146 App. Div. 301, 130 N. Y. Supp. 778. The plaintiffs' right to hold the stock cannot survive a final judgment herein in favor of the defendant Shonts, and in the event of such judgment she will become entitled to the immediate delivery of the stock precisely as if the plaintiffs lawfully held it as security and the indebtedness for which it was held was paid or a judgment recovered thereon was satisfied. If the note had a lawful inception, then on the defendant Shonts' own theory it must have been given to represent in whole or in part the purchase price which she agreed to pay for the property she purchased, and, on that theory, the stock was intended as security therefor. The issues do not present a case where the decree of a court of equity is *essential to afford the relief to which the party interposing the counterclaim may be entitled,* and therefore the issues arising on the counterclaim and reply need not and should not be first tried. Bennett v. Edison El. Ill. Co., 16 App. Div. 410, 46 N. Y. Supp. 459, affirmed 164 N. Y. 131, 58 N. E. 7; Cohen v. Am. Surety Co., 129 App. Div. 166–172, 113 N. Y. Supp. 375; Brody et al. v. Hochstadter, supra.

In the event that the defendant Shonts succeeds in the action and the plaintiffs fail to deliver the stock to her, she would be entitled at once to maintain replevin therefor, and she would not even in that event require the assistance of a court of equity, even though equity might grant such relief; and the same is true with respect to the power of attorney and note if she regards them as of any value, but, as already observed, apart from the stock they cannot be used to her prejudice.

It follows therefore that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.