(164 App. Div. 115)

HARRISON v. FREDERICK C. LOESER & CO., Inc.    (No. 6202.)

(Supreme Court, Appellate Division, First Department.    October 23, 1914.)

1. TRIAL (§ 3*)—ORDER OF TRIAL OF SEPARATE ISSUES.

Where, in an action for the conversion of furs alleged to have been delivered to defendant for storage for hire, defendant counterclaimed for the foreclosure of a lien on the furs, which it alleged were delivered as security for an indebtedness, it was entitled to have the issues raised by its equitable counterclaim tried first, though, had the counterclaim not been pleaded, plaintiff would have been entitled to a jury trial as a matter of right, while, if such issues were tried first, she might only have a jury trial on the settlement of issues in the discretion of the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

2. SET-OFF AND COUNTERCLAIM (§ 29*)—CLAIMS ARISING OUT OF CONTRACT OR TRANSACTION INVOLVED.

In an action for the conversion of furs alleged to have been delivered to defendant for storage for hire, a counterclaim for a foreclosure of a lien on the furs, which defendant alleged were delivered as security for an indebtedness, was a proper counterclaim, as the subject-matter of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action was the furs, and the transaction upon which the cause of action was predicated was the delivery thereof to defendant.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Elizabeth C. Harrison against Frederick C. Loeser & Co., Incorporated. From an order denying defendant's motion for a trial at Special Term of the issues arising upon its counterclaim, it appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph M. Gazzam, of New York City, for appellant.

Maxwell Slade, of New York City, for respondent.

LAUGHLIN, J.   This is an action for the conversion of furs, which plaintiff alleges were delivered to defendant's predecessor for storage for hire.   The conversion is predicated upon defendant's failure to deliver the furs on tender of the amount due for storage.   The defendant denies that the contract under which it received the furs was merely a contract of bailment, and pleads an equitable counterclaim for the foreclosure of a lien on the furs, by virtue of the contract under which it claims to have received them as security for past and future indebtedness from plaintiff's husband to it, and also for storage during the time it held them as such collateral security.

[1]   On defendant's theory of the contract, it has a cause of action for the foreclosure of its lien, and it could maintain that action without first recovering judgment for the indebtedness.   If the defendant succeeds on the counterclaim, the plaintiff's cause of action for conversion falls; and if on the trial of the counterclaim the facts are found in favor of the plaintiff, she will be entitled to succeed on the issue of conversion, and the trial thereof will be a mere formality.   It is true that the plaintiff, if the counterclaim were not pleaded, would be entitled to a jury trial as matter of right; and if the issues arising on the equitable counterclaim were tried first, she may only have a jury trial on the settlement of issues, which rests in the discretion of the court. White v. Shonts, 154 App. Div. 428, 139 N. Y. Supp. 169.   That, however, does not affect the defendant's right, in such circumstances, to have the equitable counterclaim tried first, provided it is a proper counterclaim.   Brody, Adler & Koch Co. v. Hochstadter, 150 App. Div. 530, 135 N. Y. Supp. 549; City of New York v. Matthews, 156 App. Div. 490, 141 N. Y. Supp. 432.

[2]   The principal contention, as I understand the argument of counsel for respondent, is that the counterclaim is not necessary to any relief to which defendant may be entitled.   But, as has been seen, it is necessary to the foreclosure of a lien, and to that relief defendant may become entitled.   Counsel for respondent also claims that the counterclaim is not a proper one; but the authorities on which he relies, I think, do not sustain his contention.   I am of opinion that the subject-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

matter of the action is the furs, and that the transaction upon which the plaintiff predicates her cause of action is the contract under which the furs were delivered to the defendant, and that, therefore, the counterclaim was properly interposed. Xenia Branch Bank v. Lee, 7 Abb. Prac. 372; Scognamillo v. Passarelli, 157 App. Div. 428, 142 N. Y. Supp. 382, dissenting opinion of Scott, J., adopted by Court of Appeals, 210 N. Y. 550, 105 N. E. 199; Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5; Thomson v. Sanders, 118 N. Y. 252, 23 N. E. 374; Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552. See, also, Deagan v. Weeks, 67 App. Div. 410, 73 N. Y. Supp. 641, and authorities cited in Adams v. Schwartz, 137 App. Div. 230, 122 N. Y. Supp. 41.

I am of opinion, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. McLAUGHLIN, J., dissents.