(164 App. Div. 177)

EPSTEIN v. ROCKVILLE CENTRE IMPROVEMENT CO.   (No. 6212.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. TRIAL (§ 3*)—SEPARATE TRIALS OF DIFFERENT ISSUES.

Under Code Civ. Proc. § 974, providing that, where defendant interposes a counterclaim and demands an affirmative judgment, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by defendant against plaintiff for the cause of action stated in the counterclaim, where, in an action to recover money paid under a contract for the purchase of land on the ground that the execution of the contract was induced by fraud, defendant counterclaimed for specific performance of the contract, it was entitled to a separate trial of the issues arising on the counterclaim at Special Term, since, though plaintiff failed to prove fraud, a decree for specific performance could not be entered at the Trial Term, as the question as to the terms upon which the contract should be enforced would depend upon equitable considerations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

2. TRIAL (§ 4*)—ORDER OF TRIAL OF SEPARATE ISSUES.

In an action to recover money paid under a contract to purchase land, on the ground that the execution of the contract was induced by fraud, in which defendant counterclaimed for specific performance, though defendant was entitled to a separate trial at Special Term of the issue arising on the counterclaim, such trial should not be had until after the trial of the issues arising on the complaint and answer, since the question of fraud was peculiarly one for a jury, and, if plaintiff should succeed in establishing fraud, the counterclaim would necessarily fail.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 8–10; Dec. Dig. § 4.*]

Appeal from Special Term, New York County.

Action by Joseph Epstein against the Rockville Centre Improvement Company. From an order denying a motion to direct a separate trial of the issues on the counterclaim and reply thereto at Special Term, and in the meantime to stay the trial of the action upon the complaint and answer, defendant appeals. Reversed, and order entered as directed in the opinion.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Max Leff, of New York City, for appellant.

David L. Podell, of New York City, for respondent.

INGRAHAM, P. J. [1, 2] The complaint alleges two causes of action to recover back the money paid by plaintiff on account of two contracts for the purchase of real property, based upon an allegation that he was induced to execute the contracts and pay the amounts paid on their execution by false and fraudulent representations made by the defendant, and the damages demanded in each case are the amount paid by the plaintiff on the execution of the contracts. The making of the contract is admitted, and there is no allegation that the defendant could not convey good title to the property, except that it is alleged that there was a mortgage upon the property. There is no allegation, however, that the defendant could not secure a release from this mort-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gage, or that it could not convey to the plaintiff the property free from the lien of the mortgage. The defendant interposed an answer, denying the fraud and setting up as a counterclaim a demand for specific performance of the contract. After the case was at issue by the service of plaintiff's reply to this counterclaim, the defendant moved to have the issues arising upon the counterclaim and reply tried at Special Term of the court, and to stay the trial of the action on the complaint and answer until the trial of the issues at Special Term; and from an order denying that motion the defendant appeals.

The counterclaim is clearly a cause of action in equity, which the defendant would have the right to try at Special Term. By section 974 of the Code of Civil Procedure it is provided:

"Where the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact, arising thereupon, is the same as if it arose in an action, brought by the defendant, against the plaintiff, for the cause of action stated in the counterclaim, and demanding the same judgment."

The defendant is therefore entitled to have the issues presented upon its counterclaim and the reply thereto tried at Special Term. The question, however, is whether the defendant's cause of action arising upon the counterclaim and reply shall be first tried.

The plaintiff's cause of action is based upon fraud. As to the trial of that cause of action, the plaintiff is entitled as a matter of right to a trial by jury. Unless the plaintiff succeeds in proving that fraud, the defendant will be entitled to a decree for specific performance. Such a decree, however, could not be entered at Trial Term, as the question as to the terms upon which the contract shall be enforced would depend upon equitable considerations, both as to the time it should be enforced and whether or not interest should be allowed upon the purchase price. Therefore it was error for the court below to deny the motion to have the issues arising on the counterclaim and reply tried at Special Term. Brody, Adler & Kock Co. v. Hochstadter, 150 App. Div. 527, 135 N. Y. Supp. 550, and cases there cited.

I think, however, in this particular case, that the common-law issue should be first tried. As before stated, the plaintiff's sole reliance is upon fraud which induced the execution of the contract. That is a question peculiarly adapted to a trial by a jury, and if plaintiff should succeed on a trial in establishing the fraud the defendant would necessarily fail in its counterclaim. If, however, the jury should find in favor of the defendant on the question of fraud, then there would seem to be no reason stated in the pleadings why the defendant should not have a decree at Special Term. The verdict of the jury would be conclusive upon the parties as to this issue.

The order should therefore be reversed, without costs, and an order entered providing that the issues arising on the counterclaim and the reply thereto should be tried at Special Term; but the trial thereof should be postponed until after the trial of the action arising on the complaint and answer thereto at Trial Term before a jury, either party to have the right to bring on the trial at Special Term of the issues raised by the counterclaim and the reply thereto after the verdict of a jury on the trial of the plaintiff's cause of action. All concur.