MICHAEL J. K. REILLY, Plaintiff, *v.* HENRI GUTMANN
SILKS CORPORATION, Defendant.

(Supreme Court, Queens Special Term, November, 1920.)

Trial — when defendant not entitled to a prior trial of issues
arising upon an equitable counterclaim — when separate trial
granted — actions — pleading — stay — motions and orders.

Where the facts pleaded as an equitable counterclaim to an
action at law also constitute a complete defense, the defendant
is not entitled to a prior trial of the issues raised by the counter-
claim, even assuming that the success of defendant on the
counterclaim would completely defeat a recovery by plaintiff.
(P. 504.)

In an action for wrongful discharge before the expiration of
a contract to employ plaintiff for three years, the defendant
besides a general denial pleaded as a counterclaim a cause of

action for specific performance of a provision of the contract which obligated plaintiff, if the agreement should be terminated before its time limit, to sell to defendant at par all shares of its stock acquired by plaintiff pursuant to the contract. The Appellate Division, on the theory that a recovery by defendant on the counterclaim would involve a finding that plaintiff had been rightfully discharged, reversed an order sustaining a demurrer to the counterclaim, and overruled the demurrer. *Held,* that although defendant was not entitled to have the issues arising upon the counterclaim first tried, its motion for a separate trial thereof at Special Term will be granted, but such trial will be stayed until the trial of the issues arising upon the complaint and answer, exclusive of the counterclaim. (Pp. 506, 509.)

MOTION for separate trial of the issues raised by counterclaim.

Alexander & Ash (Luke D. Stapleton and Mark Ash, of counsel), for defendant.

Satterlee, Canfield & Stone (R. Randolph Hicks and Earl E. Keyes, of counsel), for plaintiff.

BENEDICT, J.   This is a motion for the separate trial at Special Term of the issues raised by defendant's counterclaim and the reply thereto, and for a stay of the trial of the other issues in the meantime.

Plaintiff has brought suit for damages for an alleged breach by defendant of its contract to employ the plaintiff for a period of three years, beginning November 1, 1917.  Plaintiff alleges that he was wrongfully discharged on June 12, 1919.

Defendant denies the wrongful discharge, and sets up by way of equitable counterclaim a cause of action for specific performance of a provision of the contract of employment which obligated plaintiff, if the agreement should be terminated before November 1, 1920, to sell to the defendant at par all shares of its stock acquired by him in pursuance of the contract.

Supreme Court, November, 1920.        [Vol. 113.

The plaintiff demurred to this counterclaim on the ground that it did not in any way tend to diminish or defeat the plaintiff's recovery. The demurrer was sustained at Special Term, but on appeal the order was reversed and the demurrer overruled by the Appellate Division. The Appellate Division apparently delivered no opinion upon such reversal, but it must be presumed that it was decided that the counterclaim did tend to diminish or defeat plaintiff's recovery. The only theory on which the Appellate Division could have so held is that a recovery by defendant on the counterclaim would involve a finding that plaintiff had been rightfully discharged; for, if we were to assume that under the contract defendant might be entitled to a return of this stock even in case of a wrongful discharge, the counterclaim would not in that case tend to diminish or defeat the recovery.

Assuming, therefore, that the success of the defendant on the counterclaim would completely defeat the plaintiff's recovery, I am nevertheless of the opinion that defendant is not entitled to have the issues arising on the counterclaim tried before the other issues in the action. A defendant pleading an equitable counterclaim to an action at law is not entitled to a prior trial of the issues thereon, where the facts constituting the counterclaim also constitute a complete defense to the action. *Bennett* v. *Edison Electric Illuminating Co.,* 164 N. Y. 131; *Thomas* v. *Bronx Realty Co.,* 60 App. Div. 365; *White* v. *Shonts,* 154 id. 428, 432; *Loewenthal* v. *Haines,* 160 id. 503. In the present case, an essential fact which must be proved to sustain the counterclaim — as defendant's counsel themselves contend — and the allegation of which, under the decision of the Appellate Division, alone makes the defendant's cause of action available as a counterclaim, is that the plaintiff was rightfully discharged.

This fact, if established by defendant, will of itself, dissociated from the counterclaim, constitute a complete defense to plaintiff's cause of action, available to the defendant under its answer exclusive of the counterclaim. Plaintiff has brought his action in a court of law, where he is entitled to have the issue as to whether his discharge was rightful or wrongful tried by a jury. A plaintiff thus properly suing at law is not to be deprived of his right to a jury trial, and forced into a forum not of his choice for the determination of essential issues, by the interposition by defendant of an equitable counterclaim, except in a case where the facts constituting such counterclaim are not, in whole or in part, available to defendant as a full defense. Or, to put it otherwise, it is not in a case where the facts supporting the counterclaim, but in a case where the equitable relief granted thereupon, will defeat the plaintiff's action, that the defendant is entitled to a prior trial of the issues arising upon the counterclaim. As was said in *White* v. *Shonts, supra:* " The issues do not present a case where the decree of a court of equity is *essential to afford the relief to which the party interposing the counterclaim may be entitled,* and, therefore, the issues arising on the counterclaim and reply need not and should not be first tried." Italics are the court's.

Some of the authorities relied on by defendant tend to support this doctrine. For example, in *Johnson* v. *Johnson,* 157 App. Div. 289, it was claimed that a provision intended to be incorporated in a written contract had been omitted by mutual mistake, and an equitable counterclaim was interposed, not to an action on the contract, but to an action independent thereof, asking for a reformation of the contract so as to include such provision, which, if incorporated, would then make the contract a complete defense to the

action; and the court expressly observed that the facts pleaded by defendant were not available as a defense. In *Ward* v. *Union Trust Co.*, 166 App. Div. 762, an action on a lease, a counterclaim was interposed seeking a reformation of the lease on the ground that a provision on which the parties had agreed was inadequately and imperfectly expressed. It was held that these facts did not constitute a defense without a decree of reformation, and hence that on *plaintiff's* motion the issues arising on the counterclaim should be first tried. The cases of *Goss* v. *Goss & Co.*, 126 App. Div. 748; *Wasserman* v. *Taubin*, 129 id. 691; *Rubenstein* v. *Radt,* 133 id. 57; and *Brody, Adler & Koch Co.* v. *Hochstadter, No. 2,* 150 id. 530, I regard as authorities only for the procedure to be followed in order to obtain a separate prior trial of an equitable counterclaim where either party is entitled to such a trial. Some of them may contain *dicta* which may appear to be inconsistent with the rule above stated, but such *dicta* are not binding in view of the controlling decision of the Court of Appeals in *Bennett* v. *Edison Electric Illuminating Co., supra.* If the case of *Harrison* v. *Loeser & Co., Inc.,* 164 App. Div. 115, be an authority directly opposed to the view which I have above expressed — and it seems to have been held that the equitable counterclaim should be first tried, although the facts would have constituted a defense to the action — that case is contrary to the general current of authority even in the same department; but it is doubtless in the court's discretion to so direct.

I am of opinion that, although defendant is not entitled to have the issues arising on the counterclaim first tried, they should, nevertheless, be separately tried at Special Term. This case differs from such cases as *Bennett* v. *Edison Electric Illuminating Co., supra; White* v. *Shonts, supra,* and *Loewenthal* v.

*Haines, supra,* in that the counterclaim constitutes an independent cause of action, arising, it is true, out of the same contract on which plaintiff sues, but involving a separate provision of that contract not involved in plaintiff's cause of action. The two causes of action touch only at one point — are tangent, so to speak — in that the issue of the rightfulness or wrongfulness of plaintiff's discharge is involved in both. Defendant is entitled to a trial in an equitable forum of the issues raised by its counterclaim and plaintiff's reply. See *DiMenna* v. *Cooper & Evans Co.,* 220 N. Y. 391, 396. The common-law issue should, however, be tried first. *Epstein* v. *Rockville Centre Imp. Co.,* 164 App. Div. 177. The case cited was an action to recover back money paid on a contract to purchase real property, on the ground that the plaintiff had been induced by fraud to enter into the contract. Defendant, denying the fraud, counterclaimed for specific performance. It was held that defendant was entitled to a separate trial of the counterclaim at Special Term, but that the common-law issue should be first tried.

It may be urged, and it is indeed contended on behalf of plaintiff, that a finding that he was rightfully discharged will not entirely defeat his action, because, as is claimed, he is entitled to recover in any event the commissions which constituted part of his compensation up to the time of his discharge. The contract provided that plaintiff was to receive as compensation a salary and an additional sum equal to five per cent of the net profits, " as determined by the balance sheet " of the defendant " at the end of each year." It was further provided as follows: " The additional salary and compensation, if any, shall not be paid to the party of the second part until the end of the three-year term of this agreement, but shall remain with the party of the first part, on interest, until such payment."

Supreme Court, November, 1920. [Vol. 113.

Plaintiff had served one full year and part of another at the time of his discharge. I will not attempt to determine at this time whether the words "at the end of each year" are to be construed to mean at the end of each year of plaintiff's contract, or at the end of each fiscal year of defendant. In either case, if there were net profits in any year, plaintiff became entitled to be credited with the amount of his percentage thereof at the end of the year and to receive interest thereon. Thereafter all sums so credited, or with which plaintiff was entitled to be credited, should be considered as lent to defendant, and not as unpaid compensation. They could not, therefore, be recovered as damages for breach of the contract, and hence could not be recovered on the present complaint. As to commissions for the year in which plaintiff was discharged, those based upon net profits for that portion of the year during which his employment continued may be considered in estimating the damages to which plaintiff is entitled for breach of the contract, if his discharge were wrongful; but if his discharge were rightful, plaintiff is not entitled to recover anything on account of commissions with which he was not entitled to be credited at the time of his discharge. A servant discharged during a period between salary payments cannot recover compensation for the part of the period for which he worked, but his only claim against his employer is for damages for breach of the contract. *Walsh* v. *New York & Ky. Co.*, 88 App. Div. 477; *Arnold* v. *Adams,* 27 id. 345, 348; *Seaburn* v. *Zachmann,* 99 id. 218, 220. From this it follows that where the discharge is rightful, the servant cannot recover any damages, because there has been no breach of the contract, and hence cannot recover compensation which he has earned, but which is not due at the time of discharge. This doctrine would apply to com-

missions " earned " but not due to be credited at the time of plaintiff's discharge. If, therefore, the discharge were rightful, the plaintiff can recover nothing in this action. It follows that a finding that he was rightfully discharged will be a complete defense.

The motion, therefore, in so far as it seeks a prior trial of the issues arising on the equitable counterclaim, must be denied, but it will be granted so far as it seeks a separate trial at Special Term of such issues, which trial will be stayed until the trial of the issues arising upon the complaint and answer exclusive of the counterclaim. No costs.

Ordered accordingly.