NORWEGIAN ATLAS INSURANCE COMPANY, LTD., Plaintiff, *v.* NORTHERN UNDERWRITERS AGENCY, INC., and Another, Defendants.

Supreme Court, New York Special Term, December 16, 1924.

Trial — jury trial — action for accounting — motion by defendant to have issues arising out of counterclaim framed for jury trial — right to jury trial under Civil Practice Act, § 424 — defendant not entitled to jury trial since items of counterclaim must be determined in accounting — defendant not entitled to trial of framed issues but only of actual issues — motion denied.

The individual defendant in this action is not entitled to a jury trial as of right under section 424 of the Civil Practice Act of the issues raised by his counterclaim, since it appears that this action is in equity to compel the individual defendant, formerly the president and agent of the plaintiff, to account; that the counterclaim interposed is based on an alleged modification of the agency agreement; and that the items set up in the counterclaim are the very items that must be determined by an accounting to which the plaintiff is entitled as a matter of right. The individual defendant cannot by asserting a colorable legal counterclaim demand a jury trial as of right.

Furthermore, the defendant would not, in any event, be entitled to the trial of framed issues but only to a jury trial of the actual issues raised by the counterclaim, and the motion is denied for this reason and for the reason that the counterclaim is not itself equitable.

MOTION by defendant to have issues arising out of a counterclaim in an action for an accounting framed for a trial by jury.

*W. J. Carlin* and *F. H. Patterson*, for the plaintiff.

*Bigham, Englar & Jones* [*Arthur W. Clement* of counsel], for the defendants.

PROSKAUER, J.:

Defendant Steendal was plaintiff's president and agent. He is sued here in equity for an accounting. He pleads a defense and counterclaim, which he asserts is a legal cause of action entitling

him to jury trial as a right under section 424 of the Civil Practice Act. Under section 429 he asks an order directing that the issues arising out of his counterclaim be framed for a jury. He submits fourteen questions covering seven typewritten pages of a character practically impossible of disposition on a jury trial. The nature of these questions indicates the fallacy in defendant's position. His counterclaim essentially is that the original agency agreement was amended by an engagement on plaintiff's part to pay him the excess of any expenditures he might incur for plaintiff over and above his compensation as fixed by the agency agreement and that there was a specific excess, for which he asks money judgment. In effect he alleges merely a modification of the agency agreement and his version of the account which must be taken pursuant thereto. In the table contained in his counterclaim he credits himself with expenses incurred or assumed and debits himself with his version of his agency commissions, adjustment expenses and brokerage. These are the very items which must be determined by the accounting to which plaintiff is entitled as a matter of right.

It has been held that the prosecution of a cause of action at law cannot be thwarted by asserting a merely colorable equitable counterclaim. (*Bennett* v. *Edison Electric Ill. Co.*, 164 N. Y. 131; *Reilly* v. *Gutmann Silks Corp.*, 113 Misc. 502.) The converse of this proposition is equally sound. This case is on the day calendar for trial and the making of this motion at this late date appears to me an attempt to impede the plaintiff's right to an accounting. Furthermore, he would not be entitled to the trial of framed issues, but only to a jury trial of the actual issues raised by his counterclaim. (Civ. Prac. Act, § 424.) The motion is denied for this reason and on the stated grounds that the counterclaim is in itself equitable, not legal, and its assertion does not entitle defendant as a matter of right to a jury trial.