ROBERT P. SWEENY, Appellant, *v.* CARRIER ENGINEERING CORPORATION, Respondent.

O'MALLEY, J. (dissenting). Under the issues as framed by the pleadings a verdict of the jury in favor of the defendant on plaintiff's causes of action would not necessarily give rise to a valid plea of *res adjudicata* in favor of the defendant on a subsequent cause of action, particularly one founded on the negative covenant contained in the contract sued upon. Such a verdict might well be predicated upon other than the allegations of fraud in the inception of the contract as pleaded in the defense, which is also pleaded as a counterclaim in the answer. The instrument, therefore, would be capable of being used thereafter to the prejudice of the defendant. On the other hand, should a prior trial of the counterclaim result in a judgment declaring the contract void for fraud, a final disposition would result of all matters that have arisen or that might arise based on such contract. It seems to me that the situation comes within the purview of the language used in *Susquehanna S. S. Co.* v. *Andersen & Co.* (239 N. Y. 285, 296), where it was said: " We have held that even the label of a counterclaim will not change the mode of trial at the instance of a defendant if what is described as a counterclaim is also a defense (*Bennett* v. *Ed. El. Il. Co.* [164 N. Y. 131]; Civ. Prac. Act, § 424; Code Civ. Proc. § 974), unless the situation is one in which affirmative relief through a formal judgment of reformation is essential for complete protection (*Walker* v. *Am. Central Ins. Co.* [143 N. Y. 167]). That situation may arise where an instrument is capable of being used thereafter to the prejudice of the signer, for the verdict of a jury, if the possibility exists that it has been based on more grounds than one, is an uncertain basis for a plea of *res adjudicata.*" I, therefore, dissent and vote for the affirmance of the order directing the prior trial of the issues raised by the first counterclaim and plaintiff's reply.